PAUL R. WOOSLEY AND JOSEPHINE A. WOOSLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Woosley v. Commissioner
Docket No. 2565-81.
United States Tax Court
T.C. Memo 1982-316; 1982 Tax Ct. Memo LEXIS 436; 44 T.C.M. (CCH) 64; T.C.M. (RIA) 82316; June 7, 1982. Paul R. Woosley, pro se. David D. Dahl, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for 1977 and 1978 in the amounts of $ 700.00 and $ 3,592.96, respectively. Due to a concession by respondent, the issues remaining *437 for our decision are (1) whether petitioners are entitled to additional deductions in 1977 and 1978 for employee business expenses, and (2) whether petitioners are entitled to additional deductions in 1978 for gambling losses. FINDINGS OF FACT Some of the facts have been stipulated. [1] The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioners Paul R. Woosley and Josephine A. Woosley filed joint Federal income tax returns for 1977 and 1978. At the time they filed their petition, Mr. Woosley resided in Solon, Ohio, and Mrs. Woosley resided in Mayfield Heights, Ohio. Mr. Woosley was a truck driver during the years in issue. He kept a daily log book in which he recorded his meal and tip expenses for the days he spent on the road. He recorded amounts averaging $ 21.00 per day in 1977 and $ 20.00 per day in 1978. Because the log book was not introduced into evidence, it is unclear whether Mr. Woosley recorded the actual amounts he paid for each meal and tip, or whether he wrote down an average figure even if he had paid a different *438 amount. Based on the entries in this log book, Mr. Woosley claimed travel expense deductions for meals and tips totalling $ 3,570 in 1977 and $ 3,261 in 1978. Mr. Woosley also deducted the cost of telephone calls, lodging, laundry and cleaning as travel expenses in 1977 and 1978. The record does not show how he kept track of these expenses. He deducted $ 975 in 1977 for telephone and laundry expenses. He deducted $ 1,097 in 1978 for telephone, lodging, and laundry costs. Thus, including the cost of meals and tips, Mr. Woosley deducted total travel expenses of $ 4,545 in 1977 and $ 4,358 in 1978. During 1978, Mr. Woosley sometimes bet at race tracks. He won $ 2,625 on June 11 from a Perfecta wager. He also won $ 14,173.50 on August 2 from a Trifecta wager. He received forms W-2G for these winnings and petitioners reported them on their income tax return for 1978. Petitioners also reported an additional $ 5,163.50 as gambling winnings. Mr. Woosley's explanation for reporting additional winnings, which he apparently did not receive, was that he thought the Internal Revenue Service would not believe that he continued gambling at the track even though he kept losing money. *439 Mr. Woosley had losing racing tickets for 1978 totalling $ 38,353. The bets referred to by these tickets took place on 33 days during the racing season. On 12 of the 33 days, Mr. Woosley was not personally present at the race track. Mr. Woosley testified that he gave other persons money to place bets on his behalf when he was unable to go to the race track. Mr. Woosley kept no other records of his gambling activities in 1978. Respondent, after inspecting Mr. Woosley's losing tickets, allowed petitioners a gambling loss deduction of $ 7,600. OPINION Travel and Transportation Expenses
Section 162 [2] provides that a taxpayer may deduct ordinary and necessary traveling expenses which he pays or incurs while away from home in the pursuit of business. However, section 274(d) provides that a taxpayer must substantiate such expenses with records or evidence corroborating his own statement before he may deduct them. Respondent examined Mr. Woosley's log book. Based on the log book and Mr. Woosley's oral representations, he allowed total travel expense deductions of $ 2,314.34 *440 in 1977 and $ 2,852.38 in 1978. Petitioners have the burden of showing respondent's determination to be incorrect. Rule 142(a). [3] We have no doubt that Mr. Woosley kept a careful log book. Respondent does not contend otherwise. However, petitioners did not introduce this log book into evidence. Nor did they introduce any other records which would have substantiated Mr. Woosley's travel expenses for meals, tips, lodging, telephone calls and laundry. Because petitioners did not introduce to the Court records or documentary evidence corroborating Mr. Woosley's testimony, and because Mr. Woosley's testimony as to the particulars of the travel expenses were not precise, petitioners have failed to meet the substantiation requirements of section 274(d). Thus, they have not met their burden of showing that they had deductible travel expenses in excess of the amounts allowed by respondent. Accordingly, respondent's determination with respect to petitioners' travel expenses is sustained. Gambling Winnings and Losses
In 1978, petitioners reported gambling winnings of $ 21,962 and deducted gambling *441 losses of $ 19,865. However, Mr. Woosley had losing race track tickets for 1978 totalling $ 38,353. Respondent inspected the 1978 race track tickets and disallowed all but $ 7,600 of petitioners' $ 19,865 reported gambling loss deductions. Section 165(d) provides that a taxpayer may deduct gambling losses to the extent of his gambling winnings. In 1978, petitioner had gambling winnings of, at most, $ 21,962. Respondent does not contend that petitioners failed to report the correct amount of their winnings in 1978. Thus, the issue for decision is whether petitioners may deduct the gambling losses of $ 19,865 which they claimed on their 1978 return. Respondent determined that petitioners are entitled to deduct only $ 7,600 of gambling losses which they claimed for 1978. He based this determination on his examination of the losing tickets and on Mr. Woosley's oral representations. Petitioners have the burden of coming forth with sufficient evidence to show the Court that respondent's determination was in error. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners argue that Mr. Woosley had gambling losses at least to the extent of the $ 19,865 which they *442 reported on their 1978 income tax return. They note that respondent has stipulated that Mr. Woosley had losing race track tickets for 1978 totalling $ 38,353. Moreover, while petitioners stipulated that Mr. Woosley was not present at the race track on 12 of the 33 days represented by the losing tickets, Mr. Woosley testified that he gave money to others to bet for him on those 12 days. Petitioners have rested their attempt to defeat respondent's determination solely upon Mr. Woosley's testimony. The stipulation that Mr. Woosley had losing tickets does not prove that the tickets were his. Petitioner did not produce other contemporaneous records of, or accountings for, Mr. Woosley's gambling activities. They did not call witnesses to testify to having placed bets for Mr. Woosley. Although we found Mr. Woosley's testimony to be straightforward and credible, it was not detailed or particular. In the absence of additional facts pertaining to the losing tickets, to the amounts Mr. Woosley bet on days he was absent from the track, or to the circumstances under which any of the bets were placed, we are unable to conclude that petitioners have overcome the presumptive correctness which *443 the law attaches to respondent's determination. Accordingly, respondent's determination with respect to the disallowance of petitioners' gambling losses will be sustained. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Mrs. Woosley did not sign the submitted stipulation of facts, nor did she appear at trial.↩
2. All section references are to the Internal Revenue Code, as amended, during the years in issue.↩
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩