Dominic J. Fiaschetti and Rose M. Fiaschetti v. Commissioner.
Fiaschetti v. Commissioner
Docket No. 1093-65.
United States Tax Court
T.C. Memo 1967-33; 1967 Tax Ct. Memo LEXIS 226; 26 T.C.M. (CCH) 169; T.C.M. (RIA) 67033; February 27, 1967
*226 Joseph F. Flynn, 306 Union St., Rockland, Mass., for the petitioners. Raoul E. Paradis, for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of petitioners in the amount of $3,547.94 for the year 1961. The sole question for decision is whether the Commissioner erred in determining that petitioner Dominic Fiaschetti realized a taxable net gain of $13,200 from wagering at race tracks during the year 1961. Other issues raised by the pleadings have been settled by stipulation. Findings of Fact Petitioners, husband and wife, resided in Rockland, Massachusetts. They filed a joint income tax return for the year 1961 with the district director of internal revenue for the district of Massachusetts. Dominic J. Fiaschetti will hereinafter be referred to as the petitioner. During 1961 petitioner owned and operated Pam's Restaurant in Rockland, Massachusetts. In the joint return filed for that year petitioner reported business income from the restaurant of $4,073.96. He did not receive any income from interest or dividends in 1961, or any other source other than gambling. His restaurant income was used *227 by him and his wife for living expenses. During the period March to December 1961, petitioner attended horse and dog races at tracks at Suffolk Downs, Bay State Raceway, Taunton race track, Raynham Fair, Rehoboth Fair and Topsfield Fair, in Massachusetts, and Narragansett and Lincoln Downs in Rhode Island. On July 10, 1961, he won $3,229.80 on the twin double at the Bay State Raceway, and on August 8, 1961 he won $6,401.60 on the twin double at the same track. His winnings on these two occasions were reported on information returns (Form 1099) filed by the Bay State Harness Horse Racing and Breeding Association, Inc., Foxboro, Massachusetts. After petitioner made the "hit" on the twin double in July, he went to a race track practically every night, and occasionally during the day, and bet heavily. On many such occasions he had net losses; on other occasions his winnings exceeded his losses. He kept no records of his gambling trans-actions, recorded either his winnings or his losses. However, he did produce a large number of tickets at the trial, aggregating approximately $18,000, which he testified represented losing tickets purchased by him. On Schedule B of the joint return for *228 1961 petitioner reported that he "received $10,200 by winning twin double at Foxboro Track and won $3,000 in 1961", but he claimed that offsetting "gambling losses exceeded $14,500". Accordingly, no net income was reported in respect of petitioner's gambling activities. In determining the deficiency for 1961, the Commissioner included in petitioner's taxable income as wagering income the amount of $13,200 and disallowed offsetting gambling losses in toto for lack of substantiation. Petitioner realized taxable net gain in the amount of $6,000 from wagering at race tracks during the year 1961. Opinion RAUM, Judge: Petitioner had the burden of proving that the Commissioner erred in determining that he had taxable income of $13,200 in 1961 from gambling at race tracks. The evidence indicates that although petitioner, who is not a professional gambler, made some bets at race tracks during the period March to July, 1961, he did not become a heavy bettor until after he won the twin double at the Bay State Raceway on July 10. He testified that he did not keep any record of his winnings or losses until he made that "hit", that then he realized he was "ahead of the game" and was obligated *229 to the Government for taxes. However, he kept no records of winnings or losses thereafter, other than assembling a large number of parimutuel tickets which he claimed were purchased by him and represented losses. We are by no means convinced that he in fact purchased all of those tickets, notwithstanding his testimony, which did not ring completely true to us. Nor is there any satisfactory evidence as to petitioner's winnings apart from the amounts reported on the information returns in respect of the two twin doubles. We are satisfied, nevertheless, that petitioner did have losses, but we are not satisfied that such losses exceeded his gains. The matter is not susceptible of any precise solution, and calls for the exercise of our best judgment upon the basis of such unsatisfactory materials as are before us. Accordingly, using our best judgment, we have found as a fact that petitioner's gambling winnings in 1961 exceeded his gambling losses by $6,000, and we have so found as a fact. Cf. ; (C.A. 2); ; , affirmed *230 (C.A. 9); , affirmed (C.A. 3); , affirmed (C.A. 7), certiorari denied ; , affirmed sub nom. (C.A. 7); , affirmed (C.A. 6). Decision will be entered under Rule 50.