Anthony F. and Barbara B. Gallagher v. Commissioner.
Gallagher v. Commissioner
Docket No. 5574-66.
United States Tax Court
T.C. Memo 1968-27; 1968 Tax Ct. Memo LEXIS 269; 27 T.C.M. (CCH) 124; T.C.M. (RIA) 68027; February 16, 1968. Filed Anthony F. Gallagher, pro se, 77 W. 36th St., Bayonne, N. J., Denis M. Neill, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency for 1964 in income tax of $988.44 plus an $85.69 addition to tax under section 6651(a) of the Internal Revenue Code of 1954 against petitioners, husband and wife. The only issue is whether petitioners are entitled to a deduction on their joint income tax return for gambling losses in the amount of $6,818. [1]
*270 Findings of Fact Petitioners, husband and wife, resided in Bayonne, New Jersey, at the time the petition in this case was filed. They filed their joint Federal income tax return for 1964 with the district director of internal revenue at Newark, New Jersey. Anthony F. Gallagher will hereinafter be referred to as petitioner. Petitioner, employed as a Special Probate Clerk for Hudson County, New Jersey, at an annual salary of $6,780 in 1964, attended numerous horse race meets at Yonkers and Roosevelt raceways on the 251 racing days between February 18 and December 29 of that year. His principal purpose in attending the meets was to wager on "twin doubles" and he reported income of $6,818 from winning five such wagers. His "twin double" winnings were as follows: Date
Payor
Amount
May 25, 1964
Yonkers Raceway
$1,044.40
June 5, 1964
Yonkers Raceway
784.10
July 29, 1964
Yonkers Raceway
2,245.80
August, 1964
Roosevelt Raceway, Inc.
1,190.40
September, 1964
Roosevelt Raceway, Inc.
1,553.30
He won some wagers on individual races which were not reported. Petitioner did not keep records of the amounts of his wagers but claimed a deduction on his *271 return in the amount of $6,818 as "'Gambling Losses (part of them)," which respondent disallowed in full for lack of substantiation. Petitioner sustained a net gambling loss in the amount of $4,500 during 1964 as a result of wagering transactions, without regard to the "twin double" winnings of $6,818. 125 Petitioner is not a professional gambler. However, he became obsessed in 1964 with a desire to win "something big" by wagering on "twin doubles." He told a convincing story of almost nightly visits in that year to the Yonkers or Roosevelt raceways where he placed "twin double" bets according to a system which called for minimum wagers of $36, with bets in excess of this amount if he had available cash. Some 251 racing meets were held at these raceways that year. He fixed his losses at a sum not less than the claimed deduction of $6,818. The petitioner was a candid and credible witness as to his gambling activities. He frankly admitted that he occasionally bet and won (as well as lost) wagers on individual races which were not reported on his return. We are convinced from his testimony that he could not have won five "twin doubles" on separate dates scattered over a five-month *272 period without also suffering large losses. Nevertheless, we are not convinced that he had sufficient cash resources to finance substantial wagers prior to his first "twin double" win on May 25, 1964, despite the large unchallenged deductions for interest payments on borrowings reflected on his return. In the absence of better evidence, the case calls for application of the rule of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), and, using our best judgment on the basis of the evidence before us, we have found that petitioner suffered net gambling losses of $4,500 in 1964 without regard to his "twin double" winnings. See Herman Drews, 25 T.C. 1354 (1956). This sum, being less than the determined gain from gambling, is deductible. Section 165(d), Internal Reve-Code of 1954. Decision will be entered under Rule 50. Footnotes
1. The petition does not place the section 6651 (a)↩ addition to tax in issue. Petitioners' return, filed June 21, 1965, contained the following notation: "Request for additional time sent to Internal Revenue - however was unable to complete in extended time allowed - know [sic] will be penalized for late filing and accept same."