Bernard E. & Nellie R. Gillespie v. Commissioner.
Gillespie v. Commissioner
Docket No. 1019-68.
United States Tax Court
T.C. Memo 1970-47; 1970 Tax Ct. Memo LEXIS 313; 29 T.C.M. (CCH) 211; T.C.M. (RIA) 70047; February 19, 1970, filed Bernard E. Gillespie, pro se, 4 Ballin Pl., Jamaica Plain, Mass. A. W Dickinson, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' Federal income tax for the years 1964 and 1965 in the amounts of $1,092.52 and $3,336.08, respectively. The only issue for decision is whether petitioners have substantiated the amount of gambling losses claimed as a deduction under section 165(d) of the Internal Revenue Code of 1954 for the years 1964 and 1965. Findings of Fact Petitioners herein are Bernard E. Gillespie (Bernard) and his wife, Nellie R. Gillespie (Nellie). At the time of filing their petition herein, and at all other times material *314 hereto they have resided at Jamaica Plain, Massachusetts. For the years 1964 and 1965 petitioners filed joint U.S. Individual Income Tax Returns with the district director of internal revenue, Boston, Massachusetts. During the years 1964 and 1965 Bernard was a frequent visitor to, and bettor at, various race tracks in the vicinity of Boston, 212 Massachusetts. The larger items of Bernard's winnings were reported by operators of such tracks to Bernard and to the Internal Revenue Service in the years 1964 and 1965. These winnings were as follows: *10 1964
Race Track Operator
Item
Eastern Racing Association, Inc
$ 3,231.80
Revere Racing Association, Inc
12,561.60
Revere Racing Association, Inc 2,068.40
Total $17,861.80 *10 1965
Race Track Operator
Item
Revere Racing Association, Inc
$ 1,542.60
Revere Racing Association, Inc
3,791.40
Revere Racing Association, Inc
1,284.20
Revere Racing Association, Inc
6,228.20
Revere Racing Association, Inc
730.40
Revere Racing Association, Inc
3,219.80
Revere Racing Association, Inc
2,228.20
Revere Racing Association, Inc
4,286.80
Essex Agricultural Society
1,207.20
Massasoit Greyhound Association, Inc.
2,987.60
Total $27,506.40
*315 These winnings reflect only those on twin doubles at the tracks and were the only winnings reported by petitioners in their joint income tax returns. Aside from these winnings, Bernard won smaller amounts which they did not report. Petitioners neither made nor kept any records of any kind of Bernard's winnings or losses for either year in issue. To support his wagering activities, Bernard was continually borrowing from "loan sharks." In these years he was also paying off loans from "loan sharks," but there is no substantial evidence of record as to the amounts of the loans, how long they ran, or the interest. During these years Bernard also operated a cab. All expenses of such operation were paid by him. In 1964 and 1965 petitioners reported profits after expenses from the cab operation of $1,200 and $1,775.32, respectively, and except for some negligible "Christmas time earnings" in 1965 by Nellie they had no other resources of any kind. Petitioners had three dependent children, Frederick, Deborah, and Doreen. They paid rent on their apartment of $65 per month and spent about $25 per week on groceries during each of the years in issue. In their joint income tax returns, *316 petitioners deducted as gambling losses $17,861.80 in 1964, and $27,496.40 in 1965, which (except for the unexplained $10 discrepancy in 1965) was the exact amount of their reported gains from gambling in those years. In his statutory notice of deficiency, respondent allowed a loss of $10,000 for each year and disallowed the remainder of the claimed losses. Opinion The only issue for decision is whether petitioners have substantiated the gambling losses to the extent claimed on their returns during the years in issue. Under section 165(d)[1] of the 1954 Code such losses are deductible only to the extent of the gains from gambling. At the trial no records or documents tending to support the amounts of the claimed losses from gambling were introduced and petitioners admitted that none existed or were ever made or kept. Petitioners merely asserted that more than had been won was lost in each year. We note that expenditures by petitioners for rent and groceries alone amounted to $2,080 for each of the years in issue. If the winnings *317 at the race tracks had in fact been offset by the losses, petitioners' other income from all sources would not have sufficed to defray even these costs. Bernard did receive loans but his testimony shows that this borrowing was at least offset, and may have been more than offset, by paying the loans off. There is simply no evidence to substantiate the losses claimed. Respondent has generously allowed petitioners' claimed losses in the amounts of $10,000 for each of the years in issue. We cannot do more. Decision will be entered for the respondent. 213 Footnotes
1. SEC. 165(d)↩ Wagering Losses. - Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions.