CECILIA M. DI MINO AND JOSEPH A. DI MINO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Di Mino v. Commissioner
Docket No. 10447-80.
United States Tax Court
T.C. Memo 1981-242; 1981 Tax Ct. Memo LEXIS 500; 41 T.C.M. (CCH) 1510; T.C.M. (RIA) 81242; May 19, 1981. Joseph A. DiMino, pro se. Christopher Zimmerman, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 3,600 deficiency in petitioners' 1977 income tax. Due to concessions, the sole issue remaining is whether petitioners are entitled to an $ 8,900 gambling loss deduction. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Joseph A. and Cecillia M. DiMino, husband and wife, resided in Las Vegas, Nevada at the time they filed their petitioner in *501 this case. On January 5, 1977, Joseph DiMino won $ 12,500 in a Keno game at the Showboat Casino in Las Vegas. Petitioners reported the $ 12,500 as income on their 1977 joint income tax return; they also deducted $ 8,900 as gambling losses. Petitioners base their gambling losses on losing Keno and sport book tickets. For the year 1977 petitioners kept no diary of Keno winnings or losses. Petitioners did, however, have other Keno winnings which they failed to report because they believed that it was necessary to report only those winnings exceeding $ 1,500. Petitioners' only evidence (which they presented to respondent but did not enter as evidence at trial) supporting their losses was a box of approximately 2,000 losing Keno tickets representing about $ 8,900. Petitioners refused to catagorize or explain those tickets. In his notice of deficiency respondent disallowed petitioners' claimed gambling loss deduction. OPINION Section 165(d) [1] provides that "[l]osses from wagering transactions shall be allowed only to the extent of the gains from such transactions." Petitioners have the burden of proving the amount of their wagering losses. Mack v. Commissioner, 429 F. 2d 182, 184 (6th Cir. 1970), *502 affg. a Memorandum Opinion of this Court; Stein v. Commissioner, 322 F. 2d 78, 82 (5th Cir. 1963), affg. a Memorandum Opinion of this Court; Schooler v. Commissioner, 68 T.C. 867, 869 (1977). Petitioners are required to maintain adequate records to sustantiate their gambling winnings and losses. Sec. 1.6001-1(a), Income Tax Regs. We conclude on the record that petitioners have failed to carry their burden of proof with respect to the claimed gambling loss deduction in 1977. Petitioners introduced no convincing evidence to prove their entitlement to a gambling loss deduction of $ 8,900. Instead, Joseph DiMino chose to testify about what he considered to be improper behavior on the part of respondent and his agents. Despite repeated warnings that such testimony was irrelevant and repeated requests to address the issue involved, Joseph DiMino failed to give any relevant testimony or introduce evidence bearing on the gambling loss deduction. Even assuming that petitioners had introduced their box of losing Keno tickets, those tickets *503 standing alone and without explanation or corroboration would have been insufficient evidence to establish the amount of, and petitioners' entitlement to, the gambling loss deduction. Furthermore, the fact that Joseph DiMino testified that they had other unreported wagering income in 1977 casts doubt on the legitimacy of the $ 8,900 deduction. See Donovan v. Commissioner, 359 F. 2d 64 (1st Cir. 1966); Schooler v. Commissioner, supra at 871. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩