JAMES FLETCHER KLEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klein v. Commissioner
Docket No. 2411-82.
United States Tax Court
T.C. Memo 1983-765; 1983 Tax Ct. Memo LEXIS 26; 47 T.C.M. (CCH) 725; T.C.M. (RIA) 83765; December 20, 1983. *26 Held, amount of gambling losses determined. James Fletcher Klein, pro se. Sara W. Dalton, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in income tax for 1978 in the amount of $2,588, which petitioner has stipulated to be correct. The sole issue before the Court is petitioner's claimed entitlement to additional deductions for gambling losses incurred during the taxable year 1978. Some of the facts have been stipulated and are so found. Petitioner was a resident of Houston, Texas, at the time of the filing of the petition. Petitioner is not a professional gambler but, at least during 1977 and 1978, he traveled to Nevada on a number of occasions *27 to gamble. The deficiency arose out of the following circumstances. During January 1978, petitioner went to Las Vegas, Nevada, returning to Houston on January 16, 1978, with approximately $21,000 in cash, of which $13,000 represented gambling winnings. On that date in Houston, petitioner was robbed of the entire $21,000. On his 1978 income tax return, petitioner claimed a theft loss in this amount, which respondent on audit accepted, subject to reduction by $100 pursuant to section 165(h)(1)(A)[1] and the inclusion in income of the $13,000 in gambling winnings. Petitioner new seeks to offset the $13,000 of gambling winnings against gambling losses to the extent and in the manner permitted by section 165(d) and section 1.165-10, Income Tax Regs.
Petitioner attached a schedule to his income tax return which showed losses from three gambling trips during the months of April, June and December, [2] all subsequent to his January 1978 trip. On the April trip he claimed losses in the amount of $4,500, on the June trip $2,500, and on the December trip $3,000. None of these *28 losses were substantiated on audit. No documentary substantiation was submitted during the trial, petitioner's claim being based solely on his testimony and on the schedule attached to his return. Petitioner represented to the Court that he would undertake to provide additional evidence, and it appeared likely that he could do so. The record was held open for that purpose, but nothing has been submitted. Nevertheless, we are convinced that petitioner did travel to Las Vegas on more than one occasion during the year 1978 subsequent to January and that he did incur gambling losses. We are not, however, satisfied with the state of the record. Certainly, petitioner has not substantiated $10,000 of losses. Under these circumstances, application of the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), appears warranted. See, e.g., Drews v. Commissioner,25 T.C. 1354, 1355 (1956). "Bearing heavily" against petitioner "whose inexactitude is of his own making" (39 F.2d at 544), and using our best judgment, we find that petitioner incurred gambling losses of $4,000 during the balance of the year 1978. In reaching this conclusion, *29 we have relied on petitioner's testimony to the extent that we felt it appropriate to do so. It is unfortunate that petitioner did not choose to be more precise in his testimony and that he failed to obtain substantiation of the dates of his trips, the amounts of money he took with him, his out-of-pocket expenses on the trips and the source of the funds expended, all of which would have enabled us to make a more accurate determination of the amount of his losses. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. No deduction for these losses was claimed, apparently because the robbery loss, with other scheduled deductions, sufficiently reduced his net income.↩