**Preben NORGAARD; Sandra C. Norgaard, Petitioners–Appellants,**

v.

**COMMISSIONER INTERNAL REVENUE SERVICE, Respondent–Appellee.**

No. 90–70097.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1991.

Decided July 30, 1991.

Judy E. Hamilton, Hamilton & Ranson, San Diego, Cal., for petitioners-appellants.

Kimberly S. Stanley, U.S. Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before TANG, REINHARDT and WIGGINS, Circuit Judges.

TANG, Circuit Judge:

Petitioners Preben Norgaard and Sandra Norgaard reported gambling winnings on their 1983 tax return. They also declared offsetting gambling losses on their tax return for that year. The Internal Revenue Service ("I.R.S.") audited and disallowed the loss deductions. A deficiency notice for the tax owed was mailed to the Norgaards, as well as for a fraud penalty, and a penalty for substantial understatement of income tax due. The taxpayers contested the imposition of the deficiency and penalties in the tax court. The tax court held that the Norgaards had failed to substantiate the losses, that they were negligent, and liable for the penalty for substantial understatement. The Norgaards appealed. We affirm the tax due determination, but reverse the penalty assessments.

## FACTUAL AND PROCEDURAL BACKGROUND

Preben and Sandra Norgaard, at all relevant times, lived in San Diego, California. Preben was employed by his father as a residential property manager in San Diego at the Mission Hills Apartments. The Norgaards reported this income for 1983 in the amount of $15,790. Mr. Norgaard did not have a personal checking account, but paid personal expenses with checks drawn on the Mission Hills' business checking account. He withdrew additional money from the account to support his gambling activities.

During 1983, Mr. Norgaard placed wagers at the Hollywood Park racetrack in Inglewood, California and at the Del Mar racetrack in Del Mar, California. He frequently attended the races with his father and brothers and had season tickets to the racetrack for approximately fifteen years. During the course of 1983, Preben Norgaard won five bets amounting to a total of $29,958. The racetracks sent informational W–2G forms on these bets to the I.R.S. indicating the amount of the winnings and the amount withheld for taxes. Mr. Nor-

gaard deposited one of his large gambling wins, a check for $10,958 in the Mission Hills account.

On the Norgaards' joint tax return for the 1983 tax year, the Norgaards reported gambling income from the racetrack in the amount of $29,958. The Norgaards also reported offsetting losses in the amount of $29,958. The I.R.S. audited the Norgaards and requested that they substantiate their gambling losses. At the first interview, Mr. Norgaard presented $34,106 worth of losing wagering tickets to Revenue Agent Neil Stein. At the second interview, an additional $7,352 worth of losing tickets was presented.

The I.R.S. disallowed $29,216 of the claimed $29,958 gambling losses and assessed a tax deficiency in the amount of $6,805.37. The I.R.S. also assessed additions to tax for fraud, 26 U.S.C. § 6653(b), or alternatively, for negligence, 26 U.S.C. § 6653(a), and for substantial understatement of income tax due, 26 U.S.C. § 6661.[1] The Norgaards petitioned in the tax court to contest the deficiency and additions to tax. The I.R.S. conceded the fraud penalty at trial.

At trial, the Norgaards proceeded *pro se.* Mr. Norgaard produced losing racetrack tickets totaling $57,526. The tickets were clean and untorn indicating that they had not been salvaged from the ground. The tickets were for the most part sequentially numbered. *Myers v. Commissioner,* 35 T.C.M. (CCH) 823, 826 (1976). The Norgaards contend that they also produced a contemporaneous record of the wagers in the daily programs from the racetrack. The record does not reflect that Mr. Norgaard presented these daily programs to the trial court nor did the tax court enter them into evidence. The Norgaards introduced evidence of nineteen cancelled checks drawn on the business account for the property he managed. Most of the checks had the notation "Que Sera," which indicated to Preben that the money was to be used for wagering. Some of the checks

---

1. Section 6661 was repealed and reenacted in 1989. The language of former section 6661 is now contained in 26 U.S.C. § 6662(c).

also bore notations such as "supplies/locks." Mr. Norgaard testified that these notations indicated that he reimbursed himself for purchases made on behalf of his employer. Mr. Norgaard also testified that he was not "religious" about writing "Que Sera" on the checks representing gambling stakes. Mr. Norgaard testified that he kept all of his winnings, daily programs, and losing tickets in a brown bag, which he produced at trial. The record does not reflect that either the bag or the tickets were offered into evidence. He testified also that it was his practice to receive his winnings for large wins in the form of checks and to deposit those checks in his bank account.

Mr. Norgaard testified he calculated his claimed losses by using a "bankroll" method. He compared the withdrawals during 1983 for his gambling activities from the Mission Hills account with the deposits made to the same account. At the end of 1983, he determined that those withdrawals were greater than the deposits and that the brown bag in which he kept his winnings contained no money. Therefore, he concluded that his gambling losses exceeded his winnings for 1983.

The tax court found that Mr. Norgaard, his brothers and his father, had saved some of their gambling tickets. However, the tax court held that the Norgaards had failed to meet their burden of proof to substantiate their claims for gambling losses. It found that Mr. Norgaard did not keep a daily log or other contemporaneous record of his gambling winnings, gambling losses, or amounts that he wagered in 1983. The tax court found that the losing tickets introduced had only slight evidentiary weight because the only corroboration was Mr. Norgaard's statement that he purchased each one. The court found that, on at least ten race dates, the aggregate dollar amount of gambling tickets presented to the I.R.S. exceeded the amount of tickets presented at trial. The tax court concluded that it had no way of knowing whether Mr. Norgaard purchased the tickets or "picked up the discarded stubs of disheartened bettors." Additionally, the tax court found that Mr. Norgaard reported only those winnings which were reported to the I.R.S. via the W–2G forms. He admitted to additional wins, but had no idea how large those wins were. The tax court concluded that Mr. Norgaard had established neither his true gambling income nor the relation of his losses thereto, and thus the court could not apply the rule of *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir.1930) which allows for an approximation of the taxpayer's loss deduction. Thus, the claimed gambling losses were denied in full.

The Norgaards were found liable for the additions to tax for negligence under 26 U.S.C. § 6653(a)(1) and (a)(2) (1983). Finally, the tax court held that the Norgaards were liable pursuant to 26 U.S.C. § 6661(a) (repealed 1989), for additions to tax because of the substantial understatement of the tax due in 1983.

The Norgaards appeal the disallowance of their gambling losses as well as the additions to tax because of negligence and substantial understatement.

## STANDARD OF REVIEW

The taxpayer bears the burden of showing entitlement to a particular deduction. The determination that he has failed to produce sufficient evidence to support a deduction is a finding of fact subject to reversal only if clearly erroneous. *Betson v. Commissioner*, 802 F.2d 365, 367 (9th Cir.1986). We review additions to tax for negligence under 26 U.S.C. § 6653(a) under the clearly erroneous standard. *Hansen v. Commissioner*, 820 F.2d 1464, 1469 (9th Cir.1987).

The Ninth Circuit has not addressed the standard of review for reviewing additions to tax for the substantial understatement of tax under 26 U.S.C. § 6661 (repealed 1989). The Fourth Circuit has applied the clearly erroneous standard to the factual aspects of this question. *Antonides v. Commissioner*, 893 F.2d 656, 659 (4th Cir.1990). What is at issue in this case is whether the Norgaards had substantial authority for their method of proof for establishing their gambling losses. Sub-

stantial authority is legal authority to support the Norgaards' position. The *Antonides* court apparently applied the *de novo* standard to this legal question of substantial authority. *Id.* at 659. *De novo* review is proper because the existence of "substantial authority" is a legal question well within our province as an appellate court. *See Manocchio v. Commissioner*, 710 F.2d 1400, 1402 (9th Cir.1983) (we review questions of law from the tax court *de novo* ).

## DISCUSSION

1. *Failure to Substantiate Gambling Losses*

■ The Norgaards contend that the tax court erred in denying their gambling loss deduction. They argue that the tax court's conclusion that they failed to substantiate their deductions is clearly erroneous.

The Internal Revenue Code allows taxpayers to deduct losses from wagering "only to the extent of the gains from such transactions." 26 U.S.C. § 165(d). The taxpayer has the "burden of showing that he is entitled to a particular deduction." *Betson*, 802 F.2d at 367. The taxpayer also has the duty to maintain records sufficient to establish the amount of deductions. 26 C.F.R. § 1.6001-1.

The Norgaards contend that the evidence of sequentially numbered tickets which are clean and untorn establishes the purchase by them of those tickets. The argument is essentially that the tax court inadequately weighed the evidence before it.

■ The question of the amount of losses sustained by a taxpayer is a question of fact to be determined from the facts of each case, established by the taxpayer's evidence, and the credibility of the taxpayer and supporting witnesses. *Green v. Commissioner*, 66 T.C. 538, 545–46 (1976) *acq.* 1980–2 C.B. 1. The credibility of the taxpayer is a crucial factor. *See Mack v. Commissioner*, 429 F.2d 182, 184 (6th Cir. 1970) (that the tax court allowed some deduction based on the taxpayer's net worth method of proof "was a testament to the persuasiveness and seeming integrity of these taxpayers"). In some cases, courts have found losing tickets or other records and corroborating testimony by the taxpayer insufficient to establish that the taxpayer suffered deductible losses.[2] However, in other cases, the tax court has allowed the taxpayer to deduct some or all of their losses on the basis of their losing tickets and credible corroboration by the taxpayer.[3]

In this case, the tax court found that the Norgaards had not substantiated their claimed losses. The tax court found that Mr. Norgaard failed to maintain a daily log or other contemporaneous record of his winnings and losses. Indeed, Mr. Norgaard so testified. Additionally, the tax court found that Mr. Norgaard kept no adequate records of his winnings or losses. It concluded that the Norgaards had not established that they purchased each of the losing tickets entered into evidence. The tax court pointed to the discrepancies in the

2. *See Scoccimarro v. Commissioner*, 39 T.C.M. (CCH) 486, 487 (1979) (losing parimutuel tickets and taxpayer's testimony insufficient to sustain burden of proving losses); *Di Mino v. Commissioner*, 41 T.C.M. (CCH) 1510, 1511 (1981) (losing Keno tickets and taxpayer's testimony insufficient to establish taxpayer's losses); *Woosley v. Commissioner*, 44 T.C.M. (CCH) 64, 66 (1982) (losing racetrack tickets and testimony insufficient to establish losses); *DeMonaco v. Commissioner*, 41 T.C.M. (CCH) 718, 720 (1981) (same): *Stein v. Commissioner*, 322 F.2d 78, 82 (5th Cir.1963) (the Tax Court "was not bound to accept as true either the entries in the notebooks showing daily net gambling losses or the testimony of [the taxpayer] that said daily net gambling losses were actually sustained by [the taxpayer]").

3. *See Wolkomir v. Commissioner*, 40 T.C.M. (CCH) 1078, 1079–1080 (1980) (allowing taxpayer to deduct full amount of claimed deduction based on losing tickets, summary loss schedule, and "forthright, credible and candid testimony of taxpayer"); *Drews v. Commissioner*, 25 T.C. 1354, 1355 (1956) (partial deduction allowed based on taxpayer's credible testimony concerning estimate of losses without records) *acq.*, 1956–2 C.B. 1; *Myers*, 35 T.C.M. (CCH) at 826 (tax court allowed partial deduction based on clean, untorn tickets with sequential serial numbers and testimony of taxpayer); *Taormina v. Commissioner*, 35 T.C.M. (CCH) 400, 402 (1976) (tax court estimated partial deduction based on losing tickets and taxpayer's credible testimony); *Salem v. Commissioner*, 37 T.C.M. (CCH) 614, 615–616 (1978) (same).

tickets which were presented to the I.R.S. and those tickets which were presented to the court. It noted that on ten separate race dates, the aggregate dollar amount of the tickets presented at trial was less than that presented to the I.R.S. The court also noted that the Norgaards reported only the winnings reported by the racetracks on their tax return and that Mr. Norgaard had additional unreported gambling winnings of an unknown amount. The tax court found that Mr. Norgaard went to the track with his brothers and father and that they all saved some of their losing tickets. Based on this evidence, the tax court concluded that Mr. Norgaard had not established his deductible losses. Upon review of these facts, we cannot conclude that the tax court's decision is clearly erroneous.

2. *The Rule of Cohan v. Commissioner*

■ The Norgaards' second argument is that the district court clearly erred in failing to apply the rule of *Cohan v. Commissioner*, 39 F.2d at 543–44. *Cohan* would allow the tax court to estimate the losses that the Norgaards sustained at the track. *Id.* In *Cohan*, the Second Circuit held that where a taxpayer had established that he had made some deductible entertainment expenditures, but had failed to keep adequate records, the tax court erred in refusing to allow any deduction. *Id.* The *Cohan* court stated that "[a]bsolute certainty in such matters is usually impossible and is not necessary; the [court] should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." *Id.*

■ The tax court may have considerable latitude in estimating the amount of the allowable deduction, however, the *Cohan* rule does not "require that such latitude be employed." *Williams v. United States*, 245 F.2d 559, 560 (5th Cir.1957). "The Dis-

trict Court may not be compelled to guess, or estimate.... even though such an estimate, if made, might have been affirmed." *Id.* In order to qualify for the estimation treatment under *Cohan*, the taxpayer must establish that he is entitled to some deduction. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir.1987). "Until the trier has that assurance from the record, relief to the taxpayer would be unguided largesse." *Williams*, 245 F.2d at 560.

In this case, the Norgaards were required to establish that their unreported income was not in excess of their reported total losses. The tax court held that it could not apply the *Cohan* rule because the Norgaards had not established that their unreported, unquantified gambling income did not equal or exceed their claimed losses. This finding of fact is not clearly erroneous.

■ Had the Norgaards provided a credible evidentiary basis from which the tax court could have estimated, first, their unquantified, unreported winnings, and second, their losses, they could have benefited from application of the rule of *Cohan*. The tax court is permitted to make a reasonable estimate of both a taxpayer's unquantified, unreported winnings and his losses in order to determine the existence of deductible losses. However, the rule of *Cohan* cannot be applied in the presence of unquantified, unreported winnings unless both winnings and losses are estimated. Neither winnings nor losses can reasonably be estimated in the absence of a credible basis for doing so.[4]

Here, the tax court implicitly found that the Norgaards had not presented credible evidence from which it could have estimated their unquantified, unreported winnings and/or their losses. In those circumstances, there was no way for the tax court to determine whether the claimed losses equalled or exceeded the unquantified,

---

**4.** *Fiaschetti v. Commissioner*, 26 T.C.M. (CCH) 169, 170 (1967) *Myers*, 35 T.C.M. (CCH) at 826–27; *Salem*, 37 T.C.M. (CCH) at 616; *Taormina*, 35 T.C.M. (CCH) at 402; *Drews*, 25 T.C. at 1355; *Gillespie v. Commissioner*, 29 T.C.M. (CCH) 211, 212 (1970); *Klein v. Commissioner*, 47 T.C.M. (CCH) 725, 726 (1983); *Baldwin v. Commission-* *er*, 14 T.C.M. (CCH) 794, 804 (1955); *Popwell v. Commissioner*, 17 T.C.M. (CCH) 306, 309 (1958); *Gallagher v. Commissioner*, 27 T.C.M. (CCH) 124, 125 (1968); *Bickers v. Commissioner*, 19 T.C.M. (CCH) 440, 446 (1960); *Green*, 66 T.C. at 548; *Whitman v. Commissioner*, 50 T.C.M. (CCH) 1322, 1324 (1985).

unreported winnings. As the tax court has explained, "Petitioner, being unable to estimate his unreported winnings and offering no satisfactory evidence to establish such winnings, has failed to lay a proper foundation for the application of the *Cohan* rule." *DeMonaco v. Commissioner*, 41 T.C.M. (CCH) 718 at 720 (1981).

Given the fact that the Norgaards did not lay the proper foundation for the tax court to apply the rule of *Cohan,* we hold that its failure to estimate their deductible losses was not clearly erroneous.

### 3. *Negligence Penalty*

The Norgaards argue that the tax court clearly erred in assessing additions to tax for negligence. The Norgaards assert that they had kept adequate records by using their "brown bag" method, by keeping the losing tickets, programs, and net winnings in a brown paper bag and tracing money to the Mission Hills' account.

■■■ Because the assessment of the penalty is presumptively correct, the Norgaards have the burden of proving that their underpayment was not the result of negligence. *Allen v. Commissioner*, 925 F.2d 348, 353 (9th Cir.1991). Negligence, under 26 U.S.C. 6653, is defined as "the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances." *Id.* The Norgaards urge that they were not negligent because they employed a logical accounting system to substantiate their gambling losses. We agree that their system was logical.

The Norgaards attempted to establish their gambling losses by entering into evidence losing tickets and their testimony. The Norgaards' system of accounting ultimately failed them on the merits of their claim, primarily because the tax court found their evidence to be not credible. However, we conclude that it does not exhibit a lack of due care or the failure to do what a reasonable and prudent person would do. We therefore reverse the judg-

ment for the penalty imposed for negligence.

### 4. *Substantial Understatement Penalty*

The Norgaards also argue that the district court erred in assessing a penalty based on the fact that the Norgaards' substantially understated their income for 1983.

In 1983, if there was a substantial understatement of income tax for any taxable year, the Internal Revenue Code provided for an addition of ten percent of the amount of substantial understatement. 26 U.S.C. 6661(a) (1983). An understatement is substantial if it exceeds the larger of ten percent of the tax required to be shown on the return or $5,000. 26 U.S.C. § 6661(b)(1)(A).[5] The amount of actual understatement is reduced for any portion of the understatement which is "attributable to the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment[....]" 26 U.S.C. § 6661(b)(2)(B)(i).[6] The Norgaards contend that they had substantial authority to believe that their record keeping method was adequate.

■■■ "Substantial authority" is less stringent than a more-likely-than-not standard, but stricter than a reasonable basis standard. 26 C.F.R. § 1.6661–3(a)(2). Thus, a taxpayer's position with respect to the tax treatment of an item that is arguable but fairly unlikely to prevail in court would satisfy a reasonable basis standard but not the substantial authority standard. *Id.* There is substantial authority for the tax treatment of an item only if the weight of the authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary positions. 26 C.F.R. § 1.6661–3(b)(1). The weight of authorities depends on their persuasiveness and relevance, as well as their source. 26 C.F.R. § 1.6661–3(b)(3). A case having some facts in common with the tax treatment at issue would not be considered particularly relevant if the authority is materially distinguishable on its facts, or is other-

---

5. Now 26 U.S.C. § 6662(d)(1)(A).

6. Now 26 U.S.C. § 6662(d)(2)(B)(i).

wise inapplicable to the tax treatment at issue. *Id.*

■ The tax court concluded that substantial authority did not exist for the position taken by the Norgaards. However, the tax courts have allowed partial or full deductions for gambling losses when the taxpayer has presented losing tickets, partial records and credible testimony. *See infra,* n. 3 & 4. On the other hand, some tax courts have refused to allow any deductions where the taxpayers have presented only losing tickets. *See infra,* n. 2. The credibility of the taxpayer is the critical factor in these cases. Each case is fact specific. Upon our *de novo* review of the foregoing authorities, we conclude the tax court erred in determining that substantial authority did not exist for the taxpayers' treatment of the deductions in this case. There is substantial authority for the Norgaards' substantiation of their deductions. We therefore reverse the tax court's imposition of a penalty for substantial understatement.

5. *Attorney's Fees*

■ The Norgaards have requested attorney's fees as the prevailing party in this litigation pursuant to 26 U.S.C. § 7430. They are not prevailing parties because they have failed to establish that the government's position was not substantially justified. 26 U.S.C. § 7430(c)(4). "A position is 'substantially justified' if it is 'justified in substance or in the main,' that is, if it has a 'reasonable basis both in law and fact.'" *United States v. One 1984 Ford Van,* 873 F.2d 1281, 1282 (9th Cir. 1989) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2551, 101 L.Ed.2d 490 (1988)). The Norgaards have failed to establish that the I.R.S.'s position in this litigation was not substantially justified. The I.R.S. prevailed on the original assessment. While the I.R.S. failed to prevail on the negligence penalties and the substantial understatement penalties, we cannot say that its position was not sub-

stantially justified. Therefore, the Norgaards are not entitled to attorney's fees.

CONCLUSION

The tax court did not clearly err in determining that the Norgaards failed to substantiate their loss deductions. Nor did the court clearly err in refusing to apply the *Cohan* rule to estimate the losses incurred by the Norgaards. The tax court did clearly err in assessing the penalty for negligence. Finally, we reverse the tax court's holding that the Norgaards did not have substantial authority for their method of record keeping. The Norgaards are not entitled to attorney fees.

AFFIRMED IN PART; REVERSED IN PART.