EUN HO AND MIK YOUNG KOH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eun Ho
Docket No. 4405-91
United States Tax Court
T.C. Memo 1992-712; 1992 Tax Ct. Memo LEXIS 755; 64 T.C.M. (CCH) 1526; December 16, 1992, Filed Decision will be entered under Rule 155. Eun Ho and Mik Young Koh, pro se. For Respondent: Sherri Spradley. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $ 13,949 and $ 6,275 in petitioners' Federal income taxes for 1984 and 1985, respectively. Respondent also determined additions to tax under sections 6653(a)(1) and (2), and 6661. After concessions, the issues for decision are whether petitioners had unreported income from their video store business and whether they are liable for the additions to tax determined by respondent. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioners resided in Tustin, California, at the time they filed their petition. In 1984, they sold a shoe repair business for $ 40,000. In August 1984, they purchased a video rental business for $ 43,986. Petitioners failed to maintain books or records from which their income could be determined. Using the source and application of funds method, respondent determined that petitioners failed *756 to report income of $ 37,233 for 1984 and $ 36,546 for 1985. The source and application of funds method compares petitioners' known sources of funds with total expenditures during the year; if expenditures exceed identified sources, respondent determines that the funds for the excess spending were unreported income. After the petition was filed, respondent's determination was adjusted to reflect nontaxable receipts, including loans from petitioner Eun Ho Koh's brother-in-law, substantiated by petitioners to the extent that such nontaxable receipts were not offset by expenditures not included in respondent's original application of funds analysis. Petitioners received loans and wedding gifts of cash from various family members on various dates. Through November 1984, the father of petitioner Mik Young Koh made loans of cash totaling $ 25,000 to petitioners. Fifteen thousand dollars was repaid in cash by petitioners. Neither petitioners nor Mrs. Koh's father maintained records of the dates and amounts of the loans or the dates and amounts of the repayments. Some of the money borrowed by petitioners from Mrs. Koh's father and from other family members was used to make improvements *757 to the premises where the video rental store was located. Petitioners did not maintain records of the amounts used to make improvements. OPINION Taxpayers must keep records adequate to determine their income tax liability. Sec. 6001. In the absence of such records, respondent may determine a taxpayer's income by a method that clearly reflects income. Cohen v. Commissioner, 9 T.C. 1156, 1162-1163 (1947), affd. 176 F.2d 394 (10th Cir. 1949); sec. 446; sec. 1.446-1, Income Tax Regs. Petitioners then have the burden of proving that respondent's determination is erroneous. Rule 142(a). Petitioners assert that they received numerous loans from family members when they commenced their video store business, that they incurred losses in that business, and that they did not have the unreported income determined by respondent. They failed, however, to provide specific testimony or documents that would contradict or undermine respondent's source and application of funds analysis. Petitioners provided documentation of funds borrowed from a brother-in-law, but other documentation established expenditures in approximately the same *758 amount that had not been included in respondent's original application of funds analysis. Consequently, those loans cannot be considered as the source of the funds that respondent identified as excess expenditures. No downward adjustment of the unreported income determined by respondent, therefore, can be made with respect to the loans from the brother-in-law. Mrs. Koh's father testified that he lent to petitioners $ 25,000, of which a balance of $ 10,000 was owing. Because neither petitioners nor Mrs. Koh's father could provide the dates on which repayments were made, we must assume that $ 15,000 may have been repaid during the years in issue. The amounts repaid in cash would necessarily increase the expenditures in respondent's application of funds analysis and, therefore, could not reduce respondent's income adjustments. Respondent contends that the testimony was internally inconsistent and contradicted by a previous claim that $ 25,000 was loaned on a particular date. We believe that the inconsistencies may be attributable to misunderstandings about the terms used, and we conclude that the testimony overall was credible. Our acceptance of this testimony as generally credible, *759 however, does not require that we accept petitioners' assertions that none of the unexplained sources of funds represent taxable income. Without reliable records of income and expenses of the business, and in view of petitioners' professed lack of sophistication and several misunderstandings, we cannot rely on petitioners' unsupported belief as to the amount of taxable income that they received. See Sanai v. Commissioner, T.C. Memo. 1990-504, affd. without published opinion 972 F.2d 1342 (9th Cir. 1992); Kong v. Commissioner, T.C. Memo. 1989-560. Respondent argues that, even if we accept petitioners' testimony that they received loans from Mrs. Koh's father during 1984, petitioners admitted that such funds were spent on items not included as expenditures in respondent's original application of funds analysis. The additional expenditures testified to by petitioners, however, were business expenditures. Although petitioners had the obligation to maintain records of those expenditures and might be required to capitalize and depreciate certain of them, they would not, as respondent contends, *760 totally offset the amount that petitioners have shown to be nontaxable sources of income. Some deductions from taxable income would be appropriate. Using our best judgment on the entire record, we conclude that respondent's determination of unreported income for 1984 should be further reduced by the amount of $ 5,000. The record does not support any further adjustments for 1985. In making the best approximation that we can under these circumstances, we must weigh heavily against petitioners because the inexactitude resulted from their failure to maintain records and, thus, is of their own making. See Norgaard v. Commissioner, 939 F.2d 874, 877-879 (9th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1989-390; Lollis v. Commissioner, 595 F.2d 1189, 1190 (9th Cir. 1979), affg. T.C. Memo. 1976-15; Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). The additions to tax for negligence under section 6653(a)(1) and (2) are justified by petitioners' failure to maintain records adequate to determine their correct taxable income. *761 Section 6661, for the years in issue, imposed an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. See Pallottini v. Commissioner, 90 T.C. 498 (1988). None of the conditions for reduction of the understatement of income subject to tax applies in this case. The addition to tax applies, however, only if the understatement of tax on the return exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). Unless the recomputation of tax, taking account of respondent's concessions and our opinion, reduces the underpayment to less than the statutory floor for either year, the additions to tax under section 6661 will apply. Decision will be entered under Rule 155.