73 F.3d 372
 76 A.F.T.R.2d 95-8096, 96-1 USTC P 50,086
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William T. and Lynne L. WRIGHT; W-T-W, Inc.; d/b/a Totem
Lake Ford/Toyota; Bill Wright Toyota, Inc.,
Petitioners/Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent/Appellee.
 Nos. 94-70283, 94-70358.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1995.
Decided Dec. 20, 1995.
 
 Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 The appellants' motion to certify materials for additional excerpts of record is DENIED.
 
 
 3
 Appellants challenge the following findings of fact by the Tax Court, which we review under the clearly erroneous standard:[1] (1) that First Interstate Re, Inc. ("FIR") was a sham corporation formed for the purpose of avoiding taxes on income earned by appellant William T. Wright or by automobile dealerships owned by Wright; (2) that the understatements of income on Wright's tax returns for the years 1983, 1984, and 1985 and on W-T-W, Inc.'s ("W-T-W's") tax return for the year 1986 were fraudulent; (3) that the amounts deducted by W-T-W on its 1986 and 1987 tax returns for Wright's compensation were excessive; (4) that W-T-W was not entitled to an offsetting deduction for an alleged restoration to income of estimated warranty expenses that it attempted to deduct in 1987; (5) that certain annuity payments by Wright's dealerships were in fact payments into reinsurance reserves and thus taxable; and (6) that W-T-W was negligent in making an underpayment attributable to deductions for undisclosed consultant fees in 1987.
 
 
 4
 There is ample evidence in the record to support these findings. None of them is clearly erroneous.
 
 
 5
 The issues of law in this case are: (1) whether William T. and Lynne L. Wright were liable for additional tax under 26 U.S.C. Sec. 6661(a) for substantial understatements of tax relating to annuity payments to FIR and W-T-W; and (2) whether they were liable for interest on that understated income under 26 U.S.C. Sec. 6621(c). Although we review these two issues de novo, Norgaard, 939 F.2d at 881, we are persuaded by the Tax Court's analysis of each of these issues. T.C.Memo. 1993-328, at 68-70 (Jul. 26, 1993).
 
 
 6
 For the foregoing reasons, the judgment of the Tax Court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Alexander Shokai, Inc. v. Commissioner or Internal Revenue, 34 F.3d 1480, 1486 (9th Cir.1994), cert. denied, 115 S.Ct. 1690 (1995) (reviewing tax court's finding of fraud under clearly erroneous standard); Norgaard v. Commissioner of Internal Revenue, 939 F.2d 874, 877 (9th Cir.1991) (reviewing tax court's imposition of negligence penalty under clearly erroneous standard); Casebeer v. Commissioner of Internal Revenue, 909 F.2d 1360, 1362 (9th Cir.1990) (reviewing tax court's finding of sham transaction under clearly erroneous standard)