103 F.3d 138
 78 A.F.T.R.2d 96-7453
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert C. JACOBSEN; Carol S. Jacobsen, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70401.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert C. Jacobsen and Carol S. Jacobsen (the "Jacobsens") appeal pro se the Tax Court's decision upholding the Commissioner of Internal Revenue's (the "Commissioner") determination of deficiencies in their federal income taxes for the tax year 1991. We have jurisdiction under 26 U.S.C. § 7482(a). We review for clear error, Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991), and we affirm.
 
 
 3
 Here, the Tax Court upheld the Commissioner's disallowance of the deductions at issue because the Jacobsens failed to offer any evidence at trial substantiating the deductions. Because the Jacobsens bear the burden of producing sufficient evidence to support their deductions and because they failed to produce such evidence, the Tax Court did not clearly err by finding that they were not entitled to the deductions at issue. See id. (stating that the taxpayer bears the burden to produce sufficient evidence to support a deduction).
 
 
 4
 We have considered the Jacobsens' remaining contentions and conclude that they lack merit.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Jacobsens' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Jacobsens' request for remand to the Tax Court is denied. Because the notice of deficiency only involved tax year 1991, we need not address the Jacobsens' contentions involving other tax years