**TALLEY INDUSTRIES, INC.; Consolidated Subsidiaries, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 00–70080.

Tax Ct. No. 27826–92–PJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2001.

Decided Sept. 17, 2001.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Petitioners–Appellants, Talley Industries, Inc. and Consolidated Subsidiaries (collectively "Talley"), appeal the judgment of the Tax Court in favor of the Commis-

sioner of the Internal Revenue Service ("IRS"). On remand from an earlier decision of this court, *Talley Indus., Inc. v. Comm'r of Internal Rev.*, 116 F.3d 382 (9th Cir.1997) ("*Talley I*"), the Tax Court found that Talley failed to establish that $940,000 of a $2.5 million settlement between Talley and the government qualified as an ordinary and necessary business expense deductible under 26 U.S.C. § 162(a). We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm.

In *Talley I*, we reversed an earlier ruling of the Tax Court granting summary judgment in favor of Talley on the issue of the proper characterization of the disputed amount and remanded for further proceedings. We explained that, if the disputed amount represented compensation to the government for Talley's conduct, it would be deductible as an ordinary and necessary business expense under 26 U.S.C. § 162(a); but if the amount were intended as punishment or a deterrent, it would constitute a "fine or similar penalty paid to a government for the violation of [a] law," which, pursuant to 26 U.S.C. § 162(f), is nondeductible. *Id.* at 387. We concluded that a genuine issue of fact existed as to the nature and purpose of the disputed portion of the settlement. *Id.* at 385. We emphasized that the taxpayer bears the burden of demonstrating entitlement to a deduction and that "[i]f evidence to establish a deduction is lacking, the taxpayer, not the government, suffers the consequences." Id. at 387–88 (citing *Norgaard v. Comm'r of Internal Rev.*, 939 F.2d 874, 877 (9th Cir.1991)).

On remand, the evidence before the court consisted of a 27–page stipulation of facts and testimony from six witnesses, all of whom were involved in negotiating·the $2.5 million settlement agreement. Re-

viewing the evidence presented by the parties, the Tax Court found that Talley failed to establish that the disputed amount was intended as compensation, rather than as punishment or a deterrent. Therefore, the court found that Talley failed to establish entitlement to the claimed deduction.

 We review *de novo* the Tax Court's conclusions of law; we review for clear error its factual findings. *Or. State. Univ. Alumni Ass'n v. Comm'r of Internal Rev.*, 193 F.3d 1098, 1100 (9th Cir.1999). The Tax Court faithfully and correctly applied the legal standards enunciated in *Talley I.* And we find no clear error in the Tax Court's resolution of the critical factual dispute: our review of the record reveals ample support for the Tax Court's finding that Talley failed to establish the compensatory nature of the disputed settlement amount.

AFFIRMED.