NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDY LEE ROWE; SYLVIA MARIE ROWE, | Nos. 21-71308 |
| | 21-71310 |
| Petitioners-Appellants, | |
| | IRS Nos. 6432-20 |
| v. | 7592-20 |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

On Petition for Review of an Order of the
United States Tax Court

Submitted March 14, 2023**

Before:      SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Sandy Lee Rowe and Sylvia Marie Rowe appeal pro se from the Tax Court's

decision, following a bench trial, upholding the Commissioner of Internal

Revenue's determination of deficiencies for tax years 2017 and 2018.  We have

jurisdiction under 26 U.S.C. § 7482(a)(1).  We review for clear error the Tax

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Court's determination that a taxpayer has not met his burden to substantiate a deduction. *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007). We affirm.

The Tax Court did not clearly err in determining that the Rowes failed to produce sufficient evidence to demonstrate their entitlement to claimed deductions related to business expenses for tax years 2017 and 2018. *See Norgaard v. Comm'r*, 939 F.2d 874, 877 (9th Cir. 1991) (the taxpayer carries the burden of establishing entitlement to a deduction); *see also* 26 U.S.C. § 162(a) (permitting deduction of certain "ordinary and necessary" business expenses); *id.* § 274(d) (setting forth substantiation requirements for claimed deductions for travel, entertainment, and meal expenses). Contrary to the Rowes' contention, the Tax Court did not err by requiring them to justify their business expenses for tax year 2018, as they admitted they were seeking a deduction for business expenses rather than their initial request for a qualified business income deduction.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2