972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Farhin SANAI, Petitioner-Appellant
v.
COMMISSIONER INTERNAL REVENUE SERVICE Respondent-Appellee
 No. 91-70383.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.*
Decided Aug. 12, 1992.
 
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Farhin Sanai petitions for review of the Tax Court's decision finding a deficiency of $2,023,032 in her 1981 taxes stemming from unreported income. The facts leading up to this appeal have been set out in detail by the Tax Court in its opinion, 60 T.C.M. (CCH) 846 (1990), and will not be repeated here.
 
 ANALYSIS
 
 3
 Whether a rational foundation for deficiency determination exists is a factual question. Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987). The Tax Court's findings only can be overturned on a showing that they are clearly erroneous. Id.; Adamson v. Commissioner, 745 F.2d 541, 546 (9th Cir.1984); Rockwell v. Commissioner, 512 F.2d 882, 884 (9th Cir.1975), cert. denied, 423 U.S. 1015 (1975).
 
 
 4
 Taxpayer does not contest the finding by the Tax Court that, in 1981, $14,189,924 was deposited in taxpayer's bank accounts, or expended from sources other than her bank accounts, over and above the amount she reported as income on her 1981 tax return. Rather, taxpayer contests the Tax Court's rejection of her argument that all of the unreported income was either non-taxable inheritance funds or non-taxable conduit funds. Specifically, taxpayer charges that the Tax Court acted arbitrarily in discounting, without any "stated formula or method," the $9.5 million taxpayer testified was paid to two conduit fund recipients. Taxpayer asks that we reverse the Tax Court's decision and find that all of the unreported income was either inheritance or conduit funds.[1]
 
 
 5
 We do not find the Tax Court's findings clearly erroneous and therefore must affirm its decision. Taxpayer had the burden of showing that the $14,189,924 was derived from non-income sources. Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991). Although taxpayer testified that $9.5 million was conduit funds given to two persons, she only presented copies of cancelled checks and cashier's checks for these two persons in the amount of $2,957,000. In total, taxpayer presented copies of cancelled checks and cashier's checks establishing that she had acted as a conduit with respect to only $6,309,818. The Tax Court did not have to accept taxpayer's testimony, without more, as to the source of the remaining funds. See Bradford v. Commissioner, 796 F.2d 303 (9th Cir.1986); Factor v. Commissioner, 281 F.2d 100, 111 (9th Cir.1960), cert. denied, 364 U.S. 933 (1961); Clark v. Commissioner, 266 F.2d 698, 708 (9th Cir.1959). The court noted several ways that, consistent with the record, the bank deposits could have arisen from taxable sources, including gain on sale of and interest on the inherited property.
 
 
 6
 The Tax Court found her testimony partially credible, however, and gave her credit for $8 million. This does not render the court's decision clearly erroneous, for the court was entitled to estimate the taxable income. As expressed in Cohan v. Commissioner:
 
 
 7
 Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses on the taxpayer whose inexactitude is of his own making.
 
 
 8
 Cohan v. Commissioner, 39 F.2d 540, 543-44 (2d Cir.1930). Although it is true, as stated by taxpayer, that the Tax Court chose to credit taxpayer for $8 million without relying on any stated formula or method, taxpayer does not cite, and we cannot find, any authority requiring the Tax Court to do so. We previously rejected a similar argument in Lollis v. Commissioner, 595 F.2d 1189, 1190 (9th Cir.1979). There, the taxpayer argued that the Tax Court's allowance of only 40% of certain expenses as business expenses, over the taxpayer's testimony that 70% were business expenses, was arbitrary. We rejected the argument stating, "Perhaps it was [arbitrary], but it would have been equally arbitrary to pick some other percentage. What the Tax Court did, whether 'arbitrary' or not, was more favorable to the taxpayer than their proof requires." Id. at 1191; see also Norgaard, 939 F.2d at 879 (noting considerable latitude of Tax Court to make Cohan computation).
 
 
 9
 Accordingly, the judgment of the Tax Court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Taxpayer apparently also seeks to reopen her argument that she sustained an investment loss of $310,000 and cost of goods sold expense of $44,971. At trial, taxpayer failed to present evidence showing that the alleged investment loss was created in taxpayer's business and that the investment was, in fact, worthless, and the trial court found she failed to satisfy her burden of proof. Taxpayer also offered no evidence with respect to the cost of goods sold deduction, and the trial court found she had conceded that amount. The district court's rejection of these claims is not clearly erroneous