39 F.3d 1188
 74 A.F.T.R.2d 94-6853
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SENTINEL FINANCIAL SERVICES, Lucille M. Haines, Trustee,
Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70368.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Oct. 28, 1994.
 
 Before: WALLACE, Chief Judge, REINHARDT and BRUNETTI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Sentinel Financial Services (Sentinel) appeals from the tax court's judgment upholding the determination by the Commissioner of the Internal Revenue Service (IRS) of federal income tax deficiencies for the tax years 1979 and 1980. We have jurisdiction over this timely appeal pursuant to 26 U.S.C. Sec. 7482. We affirm.
 
 
 2
 The tax court's factual determination that a taxpayer has failed to present sufficient evidence to support a claimed deduction is reviewed for clear error. Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991) ( Norgaard ).
 
 
 3
 Sentinel claimed $8,372 in travel and entertainment deductions for 1979 and $16,836 in travel and entertainment expenses for 1980. It also claimed a bad debt loss of $54,650 for 1980. The Commissioner disallowed all $8,372 in claimed travel and entertainment expenses for 1979, $3,912 of the travel and entertainment expenses claimed for 1980 and the entire bad debt loss deduction for 1980. The tax court upheld the Commissioner's disallowance of these deductions, finding that Sentinel had failed to present sufficient evidence to support the deductions at issue.
 
 
 4
 * No deduction may be allowed for travel and entertainment expenses "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement" the amount, time, place, business purpose, and business relationship of the person entertained. 26 U.S.C. Sec. 274(d); Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1188-89 (9th Cir.1984) (Meridian ).
 
 
 5
 In support of its 1979 travel and expense deductions, Sentinel presented to the IRS in 1981 three cancelled checks: one payable to Cooper Automotive, one payable to cash, and another payable to Charles Haines. Testimony, however, did not substantiate the expenses reflected in the checks. Also, although Haines testified that he presented an envelope of receipts to the IRS agent in 1981, Sentinel offered no testimony or other evidence concerning the contents of those receipts. The tax court's finding that Sentinel failed to supply adequate documentation in support of its claimed travel and entertainment deduction for 1979 is not clearly erroneous.
 
 
 6
 In support of its 1980 travel and expense deductions, Sentinel presented the testimony of Haines that he had traveled with Wayne Pratt to Nice, France to meet an attorney to discuss establishing a manufacturing facility in Europe. Pratt testified, however, that he and Haines actually traveled to Monaco in 1981 for that purpose. Although Haines also testified that he traveled to Hawaii to meet potential investors and to Las Vegas to attend a trade show, no evidence was supplied to corroborate his testimony. Section 274(d) clearly indicates that the uncorroborated testimony of a taxpayer is generally insufficient to substantiate travel and entertainment deductions. See 26 U.S.C. Sec. 274(d); Meridian, 725 F.2d at 1189. Therefore, the tax court did not clearly err in finding that Sentinel had failed to substantiate adequately its claimed travel and entertainment deductions for 1980.
 
 
 7
 Sentinel also asserts that the tax court erred by not estimating the travel and entertainment expenses under the rule announced in Cohan v. Commissioner, 39 F.2d 540, 543-44 (2d Cir.1930) (holding that entertainment expenses may be estimated when then taxpayer establishes that he is entitled to some deduction). The Commissioner maintains, however, that the enactment of section 274 effectively overruled Cohan. The Commissioner relies upon Lewis v. Commissioner, 560 F.2d 973, 977 (9th Cir.1977) (explaining that Congress intended to overrule Cohan by enacting in 1962 section 274). Although Sentinel admits that Cohan has been abolished, it argues that it was still applicable in 1979 and 1980, seven and eight years after the enactment. In light of our direct holding in Lewis prior to the tax years in question, we conclude that Sentinel's argument is without merit.
 
 
 8
 We are concerned by the potentially misleading effect that the statement of adjustment sent to Sentinel on April 7, 1986, may have had. Although the statement apparently was meant to indicate only that an erroneous assessment was being removed, the statement's indication that the balance due is "none" is potentially misleading. Indeed, it might be unfair under certain circumstances to require a taxpayer to substantiate claimed deductions where forms such as the one at issue lead the taxpayer to discard records in the mistaken but reasonable belief that the IRS has abandoned its claim of deficiency. However, in the present case, Sentinel was not harmed by receipt of the form. Sentinel was represented by counsel, and could have easily verified the significance of the notice by calling the phone number contained thereon. The tax court properly provided Haines great latitude in his testimony in order to allow him every opportunity to establish the validity of the claimed deductions.
 
 II
 
 9
 A taxpayer wishing to deduct bad business debts must provide sufficient evidence to establish (1) the existence of a bona fide business debt and (2) that the debt became wholly worthless during the year for which the debt is claimed. 26 U.S.C. Sec. 166. The tax court's findings that Sentinel failed to present sufficient evidence to establish the existence of such a debt and whether it has become worthless are reviewed for clear error. Norgaard, 939 F.2d at 877.
 
 
 10
 Haines testified that Sentinel made loans to U.S. Eagle and that Avicon assumed these debts but failed to repay them and eventually became bankrupt. Pratt, the president of Avicon, testified that the company became bankrupt in 1981. Sentinel also provided documents indicating that Avicon acquired U.S. Eagle's inventory of parts in exchange for Avicon's assumption of all of U.S. Eagle's obligations. Sentinel also submitted a "proof of claim" filed against Avicon in bankruptcy court. However, no promissory notes or other documents were ever presented to evidence the existence of the debt allegedly owed by U.S. Eagle to Sentinel. We conclude that the tax court's finding that Sentinel failed to substantiate adequately the existence of a legitimate business debt and that such debt became wholly worthless in 1980 is not clearly erroneous.
 
 III
 
 11
 Sentinel also asserts that the tax court erred by failing to abate interest charges which accrued on the tax deficiency between December 1986 and September 1991 while the case was inadvertently left off the tax court's calendar because it was erroneously thought to be related to a similarly named tax-shelter case. We refuse to decide this novel issue because Sentinel failed to raise the issue before the tax court. Issues will ordinarily not be addressed by this court if raised for the first time on appeal, United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992), and there is no compelling reason to depart from this rule in the present case.
 
 
 12
 AFFIRMED.
 
 
 13
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.