103 F.3d 138
 78 A.F.T.R.2d 96-7608, 97-1 USTC P 50,196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wayne L. HARLAN; Terri A. Harlan, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne L. Harlan appeals pro se the Tax Court's decision upholding in part the Commissioner of Internal Revenue's ("CIR") determination of deficiencies in his federal income taxes for the tax years 1986 and 1988.[1] Harlan contends that the Tax Court erred by upholding in part the CIR's determination of deficiencies because Harlan's testimony was sufficient to substantiate various expenses which he claimed on his return for tax year 1988. We have jurisdiction under I.R.C. § 7482. We review for clear error, Betson v. Commissioner, 802 F.2d 365, 367 (9th Cir.1986), and we affirm in part, reverse in part, and remand.
 
 
 3
 As an initial matter, the CIR properly concedes that the deficiency in Harlan's 1986 taxes and additions thereto were barred by the statute of limitations on assessment under I.R.C. § 6501(a). I.R.C. § 6501(a). Accordingly, we reverse the Tax Court's judgment as to tax year 1986, and remand with instructions to enter judgment for Harlan.
 
 
 4
 The only issue remaining is whether the Tax Court clearly erred by finding that Harlan failed to substantiate various business expenses for tax year 1988. On appeal, Harlan points to no evidence in the record in the form of checks, receipts, or other corporate records which established that his subchapter S corporation incurred the expenses at issue. See Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991) (stating that the taxpayer bears the burden of producing sufficient evidence to support a deduction); Geiger v. Commissioner, 440 F.2d 688, 690 (9th Cir.) (per curiam), cert. denied, 404 U.S. 851 (1971). Accordingly, we cannot say that the Tax Court clearly erred by finding that Harlan was not entitled to these deductions.
 
 
 5
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wayne Harlan is the only party properly before this court because Wayne Harlan and Terri Harlan are no longer married, and only Wayne Harlan signed the notice of appeal. See Fed.R.App.P. 3(c)
 Because Harlan failed to file a notice of appeal from the separate decision involving tax year 1987, that year is not before us on appeal.
 
 
 [2]
 Because Harlan failed to raise any issue in his opening brief with respect to the CIR's addition to tax for tax year 1988, we deem the issue abandoned on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)