UNITED STATES of America, Plaintiff–Appellant,

v.

David M. CHAPMAN, Defendant,

and

Richard C. Sibbrel, Defendant–Appellee.

Nos. 99–56470, 99–56862.

D.C. CV–98–08199–JSL (Rzx).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2001.

Decided April 17, 2001.

Before BROWNING, BRUNETTI, and HAWKINS, Circuit Judges.

MEMORANDUM *

The United States appeals the district court's judgment for Richard Sibbrel after a bench trial in the United States' action seeking to reduce to judgment a 100 percent penalty assessment against Sibbrel for willfully failing to collect, truthfully account for, and pay over employee taxes for the last quarter of 1994 and the first quarter of 1995. Because we find that the district court applied an incorrect legal standard in concluding that Sibbrel was not a "responsible person" within the meaning of 26 U.S.C. § 6672, we reverse.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*DISCUSSION*

### A. *Responsible person status.*

When an employer fails to pay over collected employee taxes, 26 U.S.C. § 6672 allows the Internal Revenue Service ("IRS") to assess a civil penalty against responsible persons equal to the amount of the delinquent taxes. Section 6672 imposes such a penalty on "any person required to collect, truthfully account for, and pay over any tax" withheld who willfully fails to do so. *Id.* A "person" for purposes of section 6672 includes "an officer or employee of a corporation, ... who as such officer, employee or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b).

 Responsibility for payment of taxes hinges on a person's "status, duty, and authority, not knowledge." *Davis v. United States,* 961 F.2d 867, 873 (9th Cir. 1992). We have "consistently held that the 'persons' who are 'responsible' for the payment of withholding taxes are those who 'had the final word as to what bills should or should not be paid, and when.'" *Purcell v. United States,* 1 F.3d 932, 936 (9th Cir.1993) (citing *Wilson v. United States,* 250 F.2d 312, 316 (9th Cir.1957)). An individual may be said to have "had the final word as to what bills should or should not be paid" if he had the authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact. *Id.* at 937. "Authority turns on the scope and nature of an individual's power to determine how the corporation conducts its financial affairs; the duty to ensure that withheld employment taxes are paid over flows from the authority that enables one to do so." *Id.* (citing cases).

### B. *Application of legal standard.*

 While the district court did not enter formal findings of fact and conclusions of law, the trial transcript gives a clear indication of the legal standards upon which the district court relief. After careful examination of the district court's oral decision, we conclude that the district court's finding that Sibbrel was not a "responsible person" derives from the use of improper legal standards.

First, the district court focused its inquiry on whether Sibbrel had knowledge that the taxes went unpaid. This was error under *Davis,* where we stated that "[r]esponsibility is a matter of status, duty, and authority, *not knowledge."* *Davis,* 961 F.2d at 873 (emphasis supplied); *see also Purcell* (company president was a "responsible person" even though he had no knowledge that taxes went unpaid).

Second, the district court erred by basing its conclusion, in part, on the fact that paying taxes was not part of Sibbrel's "functional responsibility." The court specifically emphasized that Sibbrel had "nothing to do with taxes, ever, nothing." Our case law teaches the contrary. An individual may be held responsible if he had the authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact. *Purcell,* 1 F.3d at 937 ("That an individual's day-to-day function in a given enterprise is unconnected to financial decision making or tax matters is irrelevant where that individual has the authority to pay or order the payment of delinquent taxes.").

 Third, the district court apparently believed that Sibbrel was precluded from being held responsible because Chapman held greater control in the corporation. This conclusion is flawed since section 6672 applies to all responsible persons, not just the most responsible. *Gephart v. United States,* 818 F.2d 469, 476 (6th Cir.1987) ("[S]ection 6672 does not confine liability for the unpaid taxes only to the single officer with the greatest or closest control

or authority over corporate affairs."); *see also Howard v. United States,* 711 F.2d 729 (5th Cir.1983) (director, minority shareholder, treasurer, and executive vice-president with responsibility for day-to-day operations was responsible person, even though chief executive officer and majority shareholder ordered him not to pay taxes). Sibbrel may be held responsible as long as he had the ability to exercise significant, not total, control over the company's financial affairs.

Finally, the district court questioned whether a person could be held responsible for the nonpayment of taxes once the IRS takes action to recover the money by way of a lien. We are unable to find a basis for this premise in our jurisprudence.

In *United States v. Jones,* 33 F.3d 1137, 1140 (9th Cir.1994), we cited with approval several factors to consider when determining whether a person may be held "responsible" under § 6672. These include: 1) the individual's duties as outlined in the corporate bylaws; 2) his ability to sign checks; 3) his status as an officer or director; and 4) whether he could hire and fire employees. *Id.* We noted that the most critical factor is whether a person had significant control over the enterprise's finances. *Id.* (citing *Hochstein v. United States,* 900 F.2d 543, 547 (2d Cir.1990)). These are factors which the court should consider on remand.

Because we find that the district court applied improper legal standards, the decision of the district court is reversed and the case remanded for a new trial.

REVERSED and REMANDED.