**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Richard C. SIBBREL, Defendant—**
**Appellee.**

No. 02–56247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 20, 2003.

Frank P. Cihlar, Attorney, Ellen P. Delsole, DOJ–U.S. Department of Justice, Washington, DC, for Plaintiff–Appellant.

Steven D. Blanc, Esq., Hochman, Salkin, Rettig, Tocher and Perez, Beverly Hills, CA, for Defendant–Appellee.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Chapman Mechanical, Inc. ("Chapman") failed to pay to the IRS its employees' federal withholding taxes for the fourth quarter of 1994 and the first quarter of 1995. The Government brought this civil action against Richard Sibbrel ("Sibbrel"). It asserted that he was a "responsible person" at Chapman within the meaning of 26 U.S.C. § 6672 and sought to reduce to judgment its assessment of "trust fund" recovery penalties against him. Following a two-day bench trial, the district court made oral findings of fact and conclusions of law, entered judgment for Sibbrel, and awarded him attorneys' fees and litigation costs under 26 U.S.C. § 7430. A panel of this Court reversed by memorandum disposition, *United States v. Chapman*, 7 Fed.Appx. 804 (9th Cir.2001). The panel concluded "that the district court's finding that Sibbrel was not a 'responsible person' derives from the use of improper legal standards." *Id.* at 806.

On remand, the parties stipulated to use the prior trial transcript and the documentary evidence admitted in that trial as if the case had been tried *de novo*. Thereafter, the district court issued lengthy and thorough written findings of fact and conclusions of law, again entered judgment for Sibbrel, and again awarded him attorneys' fees and costs. The Government argues in this appeal that the district court erred in determining that Sibbrel was not a "responsible person" of Chapman because the court again applied improper legal standards and ignored the prior panel's directives. We disagree.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"[R]esponsibility is a matter of status, duty, and authority...." *Davis v. United States,* 961 F.2d 867, 873 (9th Cir.1992). "Authority turns on the scope and nature of an individual's power to determine how the corporation conducts its financial affairs; the duty to ensure that withheld employment taxes are paid ... flows from the authority that enables one to do so." *Purcell v. United States,* 1 F.3d 932, 937 (9th Cir.1993). The district court thoroughly considered Chapman's by-laws and other documentary evidence, evaluated the testimony of various witnesses contained in the transcript, correctly applied the relevant case-law, and determined that Sibbrel did not have the authority to determine how Chapman conducted its financial affairs or the duty to ensure that withheld employment taxes were paid.

 Distilled to its essence, the district court's judgment for Sibbrel turned on the district court's finding that Sibbrel's testimony about his lack of authority over how Chapman conducted its financial affairs was more credible than the contrary testimony of David Chapman, Jr., Chapman's President and CEO. Because the district court's findings were predicated on a credibility determination, we give them great deference and decline the Government's invitation to overturn them. *See United States v. Kerr,* 876 F.2d 1440, 1444 (9th Cir.1989).[1]

 The district court awarded Sibbrel attorneys' fees and litigation costs under § 7430. The award was based on the court's finding that the Government's position throughout this litigation was not "substantially justified" in law or in fact. This was a close case. Had the district court not discounted the credibility of Chapman, Jr.'s testimony because it determined that he was biased, this case might

have come out the other way. Thus, the Government's position was "substantially justified" within the meaning of § 7430. *See Norgaard v. Commissioner,* 939 F.2d 874, 881 (9th Cir.1991). Accordingly, we reverse the district court's award of attorney's fees and costs.

Each side shall bear its own costs on appeal.

**AFFIRMED** in part and **REVERSED** in part.

---

1. Because we affirm the district court's finding that Sibbrel was not a responsible person, we need not address the second prong of § 6672 that asks whether Sibbrel "willfully refused to pay the tax." *See United States v. Jones,* 33 F.3d 1137, 1139 (9th Cir.1994).