**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDY CASTANEDA; JULIA CASTANEDA, Petitioners-Appellants, v. COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee. | No. 19-71793 Tax Ct. No. 14074-14 MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted October 26, 2020**

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Rudy and Julia Castaneda appeal pro se from the Tax Court's decision,
following a bench trial, upholding the determinations of deficiency by the
Commissioner of Internal Revenue regarding their federal income taxes for the
2008 tax year. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo the Tax Court's legal conclusions, and for clear error its factual determinations. *Hongsermeier v. Comm'r*, 621 F.3d 890, 899 (9th Cir. 2010). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination for 2008 because the Commissioner presented "some substantive evidence" that the Castanedas failed to report income, and the Castanedas did not submit any relevant evidence "showing that the deficiency was arbitrary or erroneous." *Hardy v. Comm'r*, 181 F.3d 1002, 1004-05 (9th Cir. 1999).

The Tax Court did not clearly err in finding that the Castanedas failed to establish they were entitled to the claimed deductions for gambling losses for the 2008 tax year. *See Norgaard v. Comm'r*, 939 F.2d 874, 878 (9th Cir. 1991) (noting that the burden is on the taxpayer "to maintain records sufficient to establish the amount of deductions").

The Tax Court did not clearly err in upholding civil fraud penalties under 26 U.S.C. § 6663(a) because the Castanedas' underpayment of their tax liability in 2008 was attributable to fraud. *See Alexander Shokai, Inc. v. Comm'r*, 34 F.3d 1480, 1487 (9th Cir. 1994) (fraud may be inferred from circumstantial evidence, including such "badges of fraud" as understatement of income, inadequate records, and implausible or inconsistent explanations of behavior); *Edelson v. Comm'r*, 829 F.2d 828, 832 (9th Cir. 1982) (standard of review).

The Tax Court properly found that the Castanedas failed to demonstrate reasonable cause for the late filing of their 2008 tax return. *See* 26 U.S.C. § 6651(a)(1) (providing for penalties for failure to file a timely tax return); *United States v. Boyle*, 469 U.S. 241, 245 (1985) ("To escape the penalty, the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" (citation omitted)).

We do not consider the Castanedas' contentions regarding whether their tax liability has been discharged in bankruptcy court. *See Comm'r v. McCoy*, 484 U.S. 3, 6 (1987) (court of appeals lacks jurisdiction to decide an issue not before the Tax Court or to grant relief beyond the powers of the Tax Court).

We reject as meritless the Castanedas' contentions that the Commissioner's determination was untimely and that the Commissioner was not allowed to assess their unpaid income tax liability.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**