T.C. Summary Opinion 2021-15

UNITED STATES TAX COURT

JOHN LEGOSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2542-20S.                    Filed May 26, 2021.

John Legoski, pro se.

<u>Nchekube U. Onyima</u> and <u>Brian A. Pfeifer</u>, for respondent.

SUMMARY OPINION

PUGH, <u>Judge</u>:  This case was heard pursuant to section 7463 of the Internal

Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b),

the decision to be entered is not reviewable by any other court, and this opinion

shall not be treated as precedent for any other case.

---

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax

In a notice of deficiency dated November 4, 2019, respondent determined a $9,251 deficiency in petitioner's 2017 Federal income tax and a $1,850 accuracy-related penalty under section 6662(a). The issues for decision are whether petitioner: (1) failed to report gross income of $29,501, (2) was entitled to offset his gross receipts with any cost of goods sold (COGS), and (3) is liable for the accuracy-related penalty under section 6662(a).

## Background

The parties failed to agree to a stipulation of facts before trial. At trial we admitted into evidence the notice of deficiency, petitioner's 2017 Form 1040A, U.S. Individual Income Tax Return, and a letter petitioner received from the Internal Revenue Service (IRS) dated September 10, 2020. We reserved ruling on the admission of petitioner's 2017 Wage and Income Transcript because petitioner objected that he had not received it before trial, and it was not accompanied by a business records certification as described in rule 902(11) of the Federal Rules of Evidence. We do not need to rely upon it for our findings so its admission is moot, and we will exclude it from evidence.

---

Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

## I. Background

Petitioner resided in California when he timely filed his petition. During 2017 petitioner bought and sold items online, using a drop-shipping model in which he would purchase an item from a third party such as Walmart or Home Depot or through the online sales and auction website www.eBay.com, sell the item online on Amazon, and then arrange for the item to be shipped directly to the buyer. He would pay for the items through the online payment service PayPal. When a customer purchased an item from petitioner, Amazon Payments, Inc. (Amazon Payments), would receive the payment, deduct its fee, and then remit the remainder to him. In 2017 Amazon Payments paid him $29,501 in connection with this drop-shipping model. Amazon Payments sent him Form 1099-K, Payment Card and Third Party Network Transactions, for 2017, reporting the payments.

## II. Petitioner's Tax Return and Examination

Petitioner prepared (with the assistance of a paid preparer) and timely filed his 2017 Form 1040A. He reported $29,450 in wages and claimed the standard deduction. He did not report any of the payments he received from Amazon Payments because he believed that he did not meet the minimum reporting threshold for payments from a third-party network.

The IRS Automated Underreporter (AUR) program flagged petitioner's 2017 Form 1040A because of the mismatch between his reported income and the $29,501 shown on the Form 1099-K from Amazon Payments. Respondent issued petitioner a notice of deficiency determining that he had understated his gross income by the unreported $29,501 and was liable for the section 6662(a) penalty. Petitioner reported $2,275 of tax on his 2017 Form 1040A and the notice of deficiency adjusted that amount to $11,526, resulting in the deficiency of $9,251.

## Discussion

### I. Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift from the taxpayer to the Commissioner in certain circumstances, including unreported income identified on an information return. See secs. 6201(d), 7491(a); Hardy v. Commissioner, 181 F.3d 1002, 1004-1005 (9th Cir. 1999), aff'g T.C. Memo. 1997-97. Petitioner has acknowledged that he received the payments from Amazon Payments in the amount reported, and we resolve the tax treatment of those payments on a preponderance of the evidence in the record. See Knudsen v. Commissioner, 131 T.C. 185, 189 (2008), supplementing T.C. Memo. 2007-340; Schank v. Commissioner, T.C. Memo. 2015-235, at *16.

## II. Unreported Income

Section 61(a) provides that gross income means "all income from whatever source derived". Payments that are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" are taxable as income unless an exclusion applies. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

The record establishes, and petitioner admits, that he received payments from Amazon Payments for the items he sold in 2017. He does not dispute the amount he received. He only contends that when he filed his 2017 Form 1040A he believed that his gross receipts did not meet the minimum reporting threshold for third-party payments, although he now admits that he was mistaken. Even if he were correct about the third-party reporting threshold, he still would have the obligation to report his gross receipts from his drop-shipping activities; third-party reporting does not affect that. Accordingly, we hold that the payments were unreported income and sustain respondent's inclusion of $29,501 for 2017 in petitioner's gross income.

## III. COGS

A taxpayer may offset his gross receipts with COGS to compute his gross income. See Metra Chem. Corp. v. Commissioner, 88 T.C. 654, 661 (1987); secs. 1.61-3(a), 1.162-1(a), Income Tax Regs. Because COGS is an offset against gross

receipts, not a deduction from gross income, it is not subject to the limits on deductions in section 162. Metra Chem. Corp. v. Commissioner, 88 T.C. at 661. Nonetheless, any amount reported as COGS must be substantiated. King v. Commissioner, T.C. Memo. 1994-318, 1994 WL 330613, at *2 ("[A]ny amount allowed as cost of goods sold must be substantiated."), aff'd without published opinion, 69 F.3d 544 (9th Cir. 1995); see sec. 6001; Newman v. Commissioner, T.C. Memo. 2000-345, 2000 WL 1675519, at *2; sec. 1.6001-1(a), Income Tax Regs.

We have disallowed all or part of COGS claimed for a tax year when the taxpayer failed to maintain sufficient reliable records to sustain claimed COGS offsets. See, e.g., Factor v. Commissioner, 281 F.2d 100, 108, 122 (9th Cir. 1960) (affirming our decision that a taxpayer failed to maintain records sufficient to establish business costs and was precluded from "taking any part of * * * [his business costs] as cost of goods sold"), aff'g T.C. Memo. 1958-94; Chico v. Commissioner, T.C. Memo. 2019-123, at *25 (sustaining the Commissioner's disallowance of all of a taxpayer's claimed COGS for two tax years because he did not maintain records of his beginning and ending inventories).

Under the Cohan rule, if a taxpayer can demonstrate that he paid or incurred an expense but cannot substantiate the precise amount, we generally may estimate the amount of the expense while "bearing heavily * * * upon the taxpayer whose

inexactitude is of his own making." Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930); see also Goldsmith v. Commissioner, 31 T.C. 56, 62 (1958) (applying the Cohan rule to COGS). The Court must have some evidentiary basis for making an estimate, however. Norgaard v. Commissioner, 939 F.2d 874, 879 (9th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1989-390; Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); see also Cohen v. Commissioner, 266 F.2d 5, 11-12 (9th Cir. 1959) (holding that, even if the Commissioner's determination to disallow all COGS is "harsh and unrealistic", any estimate under Cohan "must be [made] upon the basis of a finding of fact (which may be based upon approximations)"), remanding T.C. Memo. 1957-172. Otherwise, an allowance would amount to "unguided largesse". Norgaard v. Commissioner, 939 F.2d at 879 (quoting Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957)).

Petitioner has submitted no evidence to substantiate his COGS for 2017, even though we afforded to him an opportunity to submit documentation after trial. He has failed to substantiate his COGS or provide us any basis upon which we could estimate his COGS. We therefore conclude that he is not entitled to offset his gross receipts with any COGS for 2017.

IV. Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes a penalty equal to 20% of the portion of an underpayment of tax required to be shown on the return that is attributable to a

"substantial understatement of income tax." An understatement of income tax is a "substantial understatement" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Section 7491(c) generally provides that "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty". See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).[2] A taxpayer may avoid a section 6662(a) penalty if he can show that he had reasonable cause and acted in good faith. Sec. 6664(c).

Petitioner's understatement of income tax of $9,251 is greater than the greater of $5,000 or $1,153, which is 10% of the amount of tax required to be shown on his 2017 Form 1040A ($11,526). Therefore, we hold that respondent has met his burden of production to show that petitioner's underpayment for 2017

---

[2] The Commissioner's burden of production may include showing compliance with sec. 6751(b)(1), which requires that the initial determination of any penalty assessment be "personally approved (in writing) by the immediate supervisor of the individual making such determination". This requirement does not apply to any penalty "automatically calculated through electronic means." Sec. 6751(b)(2)(B). This Court has held that substantial understatement penalties determined by an IRS computer program without human review are "automatically calculated through electronic means" and are thus exempt from the written supervisory approval requirement. See Walquist v. Commissioner, 152 T.C. 61, 73 (2019). This exception includes returns processed through the AUR program. See Ball v. Commissioner, T.C. Memo. 2020-152, at *12-*13. The penalty here falls within the sec. 6751(b)(2)(B) exception, and respondent was not required to establish that written supervisory approval had been obtained. See id.

was attributable to a substantial understatement. Petitioner bears the burden of showing that he had reasonable cause for the underpayment and that he acted in good faith. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 446-447.

The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's efforts to assess the proper tax liability. Id.; see Halby v. Commissioner, T.C. Memo. 2009-204, 2009 WL 2924004, at *4.

Petitioner's failure to investigate the proper tax treatment of his drop-shipping activities or maintain any documentation of his activities dooms any argument that he had reasonable cause and acted in good faith. His mistaken belief that his gross receipts did not meet the third-party minimum reporting threshold does not excuse his obligation to account for those gross receipts on his own return. These were not trivial amounts; they even exceeded the wages he reported on his return. Moreover, while he testified that he lost money overall, he offered no evidence other than his vague testimony. Accordingly, we sustain the accuracy-related penalty.

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and decision
will be entered.