# United States Tax Court

T.C. Summary Opinion 2024-19

YELENA TOLSTOV,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 9946-23S.                           Filed September 23, 2024.

————————

Yelena Tolstov, pro se.

*Crystal T. Ochrymowicz*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 10, 2023, respondent determined deficiencies in petitioner's federal income tax of $7,927 and $13,253 for taxable years 2020 and 2021, respectively. Respondent also determined section 6662(a) accuracy-related penalties of $1,585 and $2,650 for taxable years 2020 and 2021, respectively. After concessions, the only issues for decision are (1) whether petitioner is entitled to deductions beyond those respondent already allowed for gambling losses

————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

for taxable year 2020 (sometimes also year in issue) and (2) whether she is liable for an accuracy-related penalty under section 6662(a) for the year in issue.[2]

## *Background*

Some of the facts have been stipulated and are so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this reference. The record consists of the Stipulation of Facts with attached Exhibits and the testimony of petitioner, Yelena Tolstov. Petitioner resided in California when the Petition was timely filed.

## I.  *Petitioner's Business and Gambling Activity*

Petitioner arrived in the United States in 1994 as a refugee from Ukraine. Within four years, petitioner learned English and began working in computer science. Upon the "dot-com crash," petitioner lost her job and subsequently obtained a real estate license. Petitioner also started a taxi business in which she employed two drivers. In 2016 petitioner experienced severe depression and alcoholism following the death of her son. In subsequent years there was a substantial decline in petitioner's taxi service activity due to social distancing restrictions caused by the COVID-19 pandemic. Petitioner's personal and business difficulties, compounded by the isolating circumstances of the pandemic, caused her to begin to gamble compulsively.

During the year in issue petitioner frequented the San Pablo Lytton Casino weekly and used cash advances as well as multiple credit lines to support herself and her gambling. While at the casino, petitioner used slot machines and would frequently gamble any payoffs, losing what she had won. Petitioner did not consistently use her player's card or keep a log of her gambling activities. Petitioner's player statement from San Pablo Lytton Casino indicates she had "coin-in"[3] of $105,063 while using her player's card. In years after the year in issue, petitioner continued to gamble compulsively. Petitioner exhausted the equity in her home, totaling $40,000, in order to support herself. Subsequently, the banks that issued credit during the year in issue

---

[2] At trial the parties submitted a Stipulation of Settled Issues. The parties also represented that they had resolved all other issues for taxable years 2020 and 2021.

[3] "Coin-in" refers to the total amount placed into a slot machine.

commenced lawsuits against petitioner to recover debt from unpaid cash advances.

II.   *Petitioner's Tax Return, the Examination, and Respondent's Adjustments*

Petitioner timely filed her Form 1040, U.S. Individual Income Tax Return, for tax year 2020 and reported wage or salary income of $20,901. For taxable year 2020, petitioner also reported $61,929 of gambling winnings per the Form W–2G, Certain Gambling Winnings, she received from San Pablo Lytton Casino.[4]  She also reported $61,929 of gambling losses.  Petitioner submitted documents to a professional tax preparer to complete her tax return.

Examination of petitioner's tax return for the year in issue began on May 10, 2022.  The examining officer recommended the assertion of an accuracy-related penalty pursuant to section 6662(a) and (b)(1) or (2) for an underpayment due to a substantial understatement of income tax or to negligence.  On August 16, 2022, a Civil Penalty Approval Form was signed by the examining officer's immediate supervisor.  On March 10, 2023, respondent issued a Notice of Deficiency disallowing $55,276 of petitioner's claimed gambling loss deduction.

Petitioner timely filed a Petition seeking deductions beyond those respondent allowed in the Notice of Deficiency and determined petitioner was liable for an accuracy-related penalty under section 6662(a) for the year in issue.

## *Discussion*

I.   *Burden of Proof*

In general, the Commissioner's determination set forth in a Notice of Deficiency is presumed correct, and a taxpayer generally bears the burden of proving that the determination was made in error.  Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[5]

---

[4] Respondent is not challenging the amount of petitioner's gambling winnings.

[5] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner did not allege or otherwise show that section 7491(a) applies.  Therefore, petitioner bears the burden of proof.  *See* Rule 142(a).

A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965); Treas. Reg. § 1.6001-1(a). Generally, a taxpayer is required to maintain records sufficient to enable the Commissioner to determine the correct tax liability. *See* § 6001; Treas. Reg. § 1.6001-1(a).

II.  *Gambling Loss Deductions*

Gross income includes all income from whatever source derived, including gambling. *See* § 61; *Campodonico v. United States*, 222 F.2d 310, 314 (9th Cir. 1955). Gambling losses are allowable as an itemized deduction, but only to the extent of gains from gambling transactions. *See* § 165(d); *Boyd v. United States*, 762 F.2d 1369, 1373 (9th Cir. 1985). In order to establish entitlement to a deduction for gambling losses the taxpayer must prove the losses sustained during the taxable year. *Norgaard v. Commissioner*, 939 F.2d 874, 879 (9th Cir. 1991), *aff'g in part, rev'g in part* T.C. Memo. 1989-390. The Commissioner has indicated that gamblers should regularly maintain a diary, supplemented by verifiable documentation, of gambling winnings and losses. *See* Rev. Proc. 77-29, 1977-2 C.B. 538.

Petitioner sometimes used a player's card to track some of her winnings and losses while at the casino. Petitioner provided a win/loss statement from San Pablo Lytton Casino for the year in issue, reflecting she had "coin in" of $105,063. She also provided ATM transaction receipts at the casino totaling $1,320. Petitioner was unsuccessful in her attempts to obtain other documentation of her gambling activities or financial records from the banks that issued her credit. Petitioner did not otherwise maintain a log or otherwise keep exact records of her gambling activities.

If a taxpayer is able to establish that he or she paid or incurred a deductible expense but is unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate. *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930); *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985). We have previously considered evidence such as casino ATM receipts, bank statements, the taxpayer's lifestyle, and the taxpayer's overall financial

position. *See Kalk v. Commissioner*, T.C. Memo. 2024-82; *Coleman v. Commissioner*, T.C. Memo. 2020-146.

The Court has approximated gambling losses in circumstances where the taxpayer had few assets, little income apart from gambling, and no significant accessions to wealth during the taxable year in issue. *See Briseno v. Commissioner*, T.C. Memo. 2009-67, 2009 WL 792049; *Doffin v. Commissioner*, T.C. Memo. 1991-114. Further, the Court has previously determined it is a "virtual certainty" that a taxpayer, playing a game of chance frequently, placed many losing bets in addition to her winning ones. *Briseno v. Commissioner*, 2009 WL 792049, at *2.

Petitioner reported income from her jobs amounting to $20,901 during the year in issue. Petitioner also reported all her gambling winnings consistent with her Form W–2G. Considering petitioner's frequent visits to the casino and the amount of "coin in" in relation to her income from her jobs during the year in issue, it is a "virtual certainty" that she placed many losing bets during the year in issue playing slot machines. *See id.* at *2–3. Petitioner credibly testified that she attempted to correctly assess her tax liability and the gambling loss deductions at issue. *See id.* On the basis of the record, it appears that petitioner had few assets, little income apart from gambling, and no significant accessions to wealth. *See Doffin*, T.C. Memo. 1991-114. Therefore, the Court may reasonably approximate the deductible amount in question. The Court is satisfied on this record that petitioner undoubtedly incurred a loss at least equal to her winnings. The Court is also satisfied that petitioner was frustrated in good faith attempts to obtain substantiation from third parties. Petitioner is entitled to deduct $61,929 of gambling losses for the year in issue.

III.   *Accuracy-Related Penalty*

Respondent determined petitioner is liable for an accuracy-related penalty under section 6662(a) for an underpayment due to a substantial understatement of income tax or to negligence in failing to maintain adequate books and records. Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax required to be shown on a return attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. An understatement of federal income tax is "substantial" if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A). Negligence includes any failure to make a

reasonable attempt to comply with the provisions of the Code. § 6662(c); Treas. Reg. § 1.6662-3(b).

### A.    *Burden of Proof*

The Commissioner generally bears the burden of production with respect to a section 6662 penalty. *See* § 7491(c). To satisfy that burden the Commissioner must offer sufficient evidence to indicate that it is appropriate to impose the penalty. *See Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with sufficient evidence to show the Court that the determination is incorrect. *Id.* at 446–47.

The Commissioner must first show that he complied with the procedural requirements of section 6751(b)(1). *See* § 7491(c); *Chai v. Commissioner*, 851 F.3d 190, 217–18 (2d Cir. 2017), *aff'g in part, rev'g in part* T.C. Memo. 2015-42; *Graev v. Commissioner*, 149 T.C. 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) provides that no penalty shall be assessed unless "the initial determination" of the assessment was "personally approved (in writing) by the immediate supervisor of the individual making such determination." Section 6751(b) requires written supervisory approval before the assessment of the penalty or, if earlier, before the relevant supervisor loses discretion whether to approve the penalty assessment. *Laidlaw's Harley Davidson Sales, Inc. v. Commissioner*, 29 F.4th 1066, 1074 (9th Cir. 2022), *rev'g and remanding* 154 T.C. 68 (2020). Here, the Civil Penalty Approval Form was approved by the examiner's immediate supervisor, on August 16, 2022, before the assessment of the penalty.

In a Stipulation of Settled Issues filed with the Court, and at trial, petitioner conceded that she is not entitled to claimed deductions for mortgage interest of $7,200, car and truck expenses of $9,315, and noncash charitable contributions of $3,050. No explanation was provided by petitioner as to the claimed deductions.

### B.    *Reasonable Cause and Good Faith*

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion and that she acted in good faith with respect thereto. § 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability, the knowledge and the experience of the

taxpayer, and the reliance on the advice of a professional, such as an accountant. Treas. Reg. § 1.6664-4(b)(1).

While petitioner engaged a tax return preparer for the year in issue, she did not provide clear or specific testimony as to the information or documentation that she provided to her tax return preparer to complete her federal tax return. Petitioner's concession of these items suggests that omitted items of income or claimed deductions were not based upon a good faith attempt to assess her proper tax liability. Considering the pertinent facts and circumstances, petitioner failed to act with reasonable cause and in good faith. Therefore, petitioner is liable for an accuracy-related penalty under section 6662(a) for the year in issue.

To reflect the foregoing,

*Decision will be entered under Rule 155.*