# United States Tax Court

T.C. Summary Opinion 2025-8

JOHN HENRY BESAW,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 6561-23S.                    Filed October 2, 2025.

————

John Henry Besaw, pro se.

*Logan M. Westerman*, for respondent.

## SUMMARY OPINION

LEYDEN, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

After concessions,[2] the issues remaining for decision are whether for tax year 2020 petitioner (1) is entitled to deduct an amount for state

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] On brief petitioner concedes that he is not entitled to the deductions claimed on Schedule C, Profit or Loss From Business, for 2020 that the IRS disallowed in the Notice of Deficiency upon which this case is based. Those deductions are (1) other

and local general sales taxes greater than what the Internal Revenue Service (IRS)[3] determined, (2) is entitled to deduct gambling losses, (3) has proven that the amount of gambling winnings reported on his joint federal income tax return should be reduced, and (4) is liable for a section 6662(a) accuracy-related penalty.

The Court concludes that (1) the amount of the state and local sales tax deduction the IRS determined is correct, (2) petitioner is entitled to deduct gambling losses of $16,140, (3) petitioner has not met his burden of proving that the amount of gambling winnings reported on his 2020 tax return should be reduced, and (4) petitioner is liable for the section 6662(a) accuracy-related penalty.

*Background*

Some of the facts have been stipulated and are so found. The First Stipulation of Facts consisting of paragraphs 1 through 28 and Exhibits 1-J, 2-J, 6-J, 13-J, 14-J, 15-J, 20-J (pages 1 through 5), and 21-J is incorporated herein by this reference.[4] To the extent the parties made any objections to these above-referenced Exhibits in the First Stipulation of Facts, the Court overrules those objections. The parties filed additional Exhibits 3-J, 4-J, 5-J, 7-J, 8-J, 9-J, 10-J, 11-J, 12-J, 16-J, 17-J, 18-J, and 19-J, but the Court did not admit these Exhibits into evidence.[5]

---

expenses of $701, (2) travel expenses of $2,360, and (3) car and truck expenses of $7,274.

[3] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

[4] Exhibits 13-J through 17-J, 19-J, and 20-J were stipulated as being documents submitted by petitioner. Further Exhibit 18-J was stipulated as being only a summary of the highlighted items on Exhibit 17-J.

[5] Although the parties filed joint Exhibits, the parties objected to the Exhibits as follows:

Petitioner resided in the State of Washington when the Petition was filed.

## I.   *2020 Tax Return*

Petitioner timely filed his 2020 joint federal income tax return with his spouse on April 15, 2021.[6]

### A.   *State and Local General Sales Taxes*

Petitioner attached to his 2020 joint federal income tax return Schedule A, Itemized Deductions.  On line 5 of the Schedule A petitioner claimed deductions for (1) state and local general sales taxes of $8,350, (2) state and local real estate taxes of $6,198, and (3) state and local personal property taxes of $680.  Because the total of these taxes paid

| *Exhibit* | *Objection* |
|---|---|
| 1-J | Contains an error with respect to the explanation of adjusted items for State and Local General Sales Taxes (petitioner) |
| 2-J through 7-J | Goes beyond the Notice of Deficiency (petitioner) |
| 9-J through 12-J | Relevance and goes beyond the Notice of Deficiency (petitioner) |
| 13-J through 15-J | Relevance (respondent) |
| 16-J and 17-J | Hearsay (respondent); Relevance and goes beyond the Notice of Deficiency (petitioner) |
| 18-J | Relevance and goes beyond the Notice of Deficiency (petitioner) |
| 19-J | Hearsay (respondent); Relevance and goes beyond the Notice of Deficiency (petitioner) |
| 20-J | Hearsay (respondent) |
| 21-J | Due process (petitioner) |

[6] The Notice of Deficiency upon which this case is based was issued to both petitioner and his spouse.  However, petitioner's spouse did not file a petition with the Court to contest the Notice of Deficiency.  Accordingly, the Court will address the Notice of Deficiency only with respect to petitioner.

was greater than $10,000, petitioner claimed $10,000 as a deduction for state and local taxes on line 7 of the Schedule A.[7]

B.    *Gambling Winnings and Losses*

For 2020 petitioner reported $30,100 in gambling winnings on line 8 of Schedule 1, Additional Income and Adjustments to Income. The record does not contain any information returns that reported gambling winnings to the IRS. For 2020 petitioner also claimed a deduction in the same amount for gambling losses on Schedule A, line 16.

II.    *Examination and Notice of Deficiency*

An IRS tax examiner examined petitioner's 2020 tax return. The tax examiner and petitioner corresponded, and petitioner provided some documentation and information to substantiate his claimed deductions.

During the examination of his 2020 tax return, the tax examiner questioned the amount of petitioner's claimed deduction for state and local sales taxes. Petitioner sent the tax examiner some documents to substantiate his claimed state and local general sales taxes deduction along with a letter explaining how he calculated the deduction. The tax examiner proposed to change petitioner's state and local general sales taxes deduction to $1,466 and disallowed $6,884. The tax examiner did not propose a change to the amounts of petitioner's claimed deductions for state and local real estate taxes and state and local personal property taxes. Accordingly, the total amount of the state and local taxes deduction that the tax examiner proposed to allow equaled $8,344, less than the $10,000 petitioner claimed.

Petitioner provided the IRS with win-loss statements from various casinos addressed to petitioner's spouse to substantiate his claimed deduction for gambling losses. Those that were entered into the record showed petitioner's spouse had some gambling winnings and losses. While the record does not reflect how much his spouse won from gambling in 2020 or whether petitioner had gambling winnings, petitioner did report on the joint tax return gambling winnings of $30,100.

The tax examiner did not make any adjustments to petitioner's reported gambling winnings but made an adjustment to his claimed

---

[7] For the year in issue section 164(b)(6)(B) limits the amount of state and local taxes that can be claimed as a deduction to $10,000 on a joint federal income tax return.

deduction for gambling losses, allowing $16,140 and disallowing $13,960 of the deduction.

The tax examiner proposed to impose an accuracy-related penalty for an underpayment due to a substantial understatement of income tax pursuant section 6662(a) and (b)(2) or, in the alternative, due to negligence pursuant to section 6662(b)(1), on a Civil Penalty Approval Form which the tax examiner submitted for supervisory approval. *See* I.R.C. § 6662(c) and (d). On February 7, 2022, the tax examiner's supervisor, a supervisory tax specialist, signed and approved the assertion of the accuracy-related penalty.

The IRS subsequently issued to petitioner and his spouse a Notice of Deficiency for tax year 2020 dated February 27, 2023, that determined a deficiency of $5,124 and imposed a section 6662(a) accuracy-related penalty of $906.60.[8] The Notice of Deficiency's explanation for these changes still in issue was that petitioner (1) was allowed to deduct a lower amount than claimed for state and local general sales taxes and (2) was allowed to deduct gambling losses only up to the amount the IRS verified.

*Discussion*

I. *Burden of Proof*

In general, the Commissioner's determination set forth in a Notice of Deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Taxpayers generally must maintain sufficient records to establish the amount of their liability. I.R.C. § 6001; *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001). In addition, taxpayers bear the burden of substantiating the amount and the purpose of a claimed deduction. *See Hradesky v. Commissioner*, 65 T.C. 87, 90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976).

---

[8] The Notice of Deficiency also included a computational adjustment for Social Security RRB of $1, which changed because of the adjustment to petitioner's gross income.

Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioner has not argued nor established that section 7491(a) applies, and therefore the burden of proof remains with him.

Accordingly, petitioner must prove respondent erred with respect to the determined state and local general sales taxes, gambling winnings, and gambling losses set forth in the Notice of Deficiency. With respect to the accuracy-related penalty, the burden of production is on respondent. *See* I.R.C. § 7491(c).

II.     *Itemized Deductions*

A.     *State and Local General Sales Taxes*

Section 164 provides rules for deducting state and local real property taxes and personal property taxes. I.R.C. § 164(a)(1) and (2); Treas. Reg. § 1.164-1. Section 164 also provides for a deduction for state and local income taxes but provides that a taxpayer may instead elect to deduct state and local sales taxes. I.R.C. § 164(a)(3), (b)(5)(A). Section 164(b)(6) limits the total state and local tax deduction to $10,000.

"A taxpayer may deduct the actual amount of sales taxes paid, which would require substantiation." *Figures v. Commissioner*, T.C. Memo. 2012-296, at *11–12. "Alternatively, the Commissioner, as a matter of administrative convenience, permits taxpayers to calculate the amount of the deduction by using the guidelines" the IRS publishes in the Optional State and Certain Local Sales Tax Tables. *Id.* at *12; *see* I.R.C. § 164(b)(5)(H).

Petitioner requests that the Court determine that the correct amount of his state and local general sales tax deduction is $1,456. However, the Notice of Deficiency allowed a state and local general sales tax deduction of $1,466, $10 more than that amount. The record does not show, but the parties do not dispute, that this amount was calculated using tables for allowable state and local sales taxes for 2020. Further, petitioner argues that the Notice of Deficiency errs in stating that, with respect to petitioner's state and local general sales tax deduction, his "taxable income is increased $6,884."

Respondent agrees that the explanatory paragraph in the Notice of Deficiency stating the above is inaccurate but contends that the adjustments made in the Notice of Deficiency do not increase petitioner's

taxable income by $6,884. Rather the adjustment to the allowable state and local sales tax deduction reduced the amount of the total itemized deduction for state and local sales taxes.

Thus, the Court sustains the adjustment in the Notice of Deficiency allowing $1,466 rather than the claimed $8,350 of petitioner's state and local general sales tax deduction.

B.     *Gambling Winnings and Losses*

Gross income includes all income from whatever source derived, including gambling. *See* I.R.C. § 61; *Campodonico v. United States*, 222 F.2d 310, 314 (9th Cir. 1955). Gambling losses are allowable as an itemized deduction but only to the extent of gains from gambling transactions. *See* I.R.C. § 165(d); *Boyd v. United States*, 762 F.2d 1369, 1372–73 (9th Cir. 1985). To establish entitlement to a deduction for gambling losses the taxpayer must prove the losses sustained during the taxable year. *Norgaard v. Commissioner*, 939 F.2d 874, 879 (9th Cir. 1991), *aff'g in part, rev'g in part* T.C. Memo. 1989-390. The IRS has indicated that gamblers should regularly maintain a diary, supplemented by verifiable documentation, of gambling winnings and losses. *See* Rev. Proc. 77-29, 1977-2 C.B. 538; *see also* I.R.C. § 6001.

In certain circumstances the Court may approximate the amount of an expenditure if the taxpayer proves that it was incurred but cannot substantiate the exact amount. *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). But the taxpayer must provide some basis for such an estimate. *See Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985).

Petitioner's situation is different from the usual case in which net gambling winnings or losses are in issue. Usually, a taxpayer seeks to show his gambling losses equal or exceed his gambling winnings. On brief petitioner does not dispute that the IRS allowed in the Notice of Deficiency gambling losses of $16,140, even though that amount is less than the $30,100 deduction petitioner claimed on his tax return. However, petitioner at trial argued that his total gambling winnings were less than what he reported on this 2020 joint federal income tax return and less than the amount of allowable gambling losses.

As indicated above, petitioner has not argued that the burden of proof should shift to respondent with respect to any relevant factual issue. Thus, the burden of proving that the amount of gambling winnings is less than what petitioner self-reported on the tax return

remains with petitioner. Petitioner did not produce sufficient substantiation to support his claim as section 6001 requires. He reported on his 2020 tax return gambling winnings of $30,100 but now asserts that his gambling income in 2020 was only $12,221. Unfortunately, to support this claim he references documents that were not admitted into evidence. Further, the asserted gambling winnings and losses in the record appear to be from petitioner's spouse. However, petitioner's spouse is not a party to this case, and petitioner did not call his spouse as a witness to testify as to her gambling winnings and losses in 2020. Petitioner testified that he "didn't know exactly how much my wife lost or won, so I was trying to be careful and I went with a figure based on an estimate of $30,000."

The documents that were admitted into evidence, the win-loss statements from casinos, along with petitioner's testimony, do not present a clear picture of how much petitioner or his spouse received in gambling winnings during the year in issue. Nor have the parties stipulated that these win-loss statements reflect the total amount of gambling winnings during the year in issue. On the basis of the record before the Court the types of gambling winnings that either petitioner or his spouse earned were not reported to the IRS on information returns, such as Form W–2G, Certain Gambling Winnings.

For the first time at trial petitioner testified that he and his spouse received only $12,221 in gambling winnings in 2020 and that his gambling losses exceed that amount.

In deciding whether a taxpayer has carried his burden of proof, the Court considers the credibility of the witness(es) giving testimony. "As a trier of fact, it is [the Court's] duty to listen to the testimony, observe the demeanor of the witnesses, weigh the evidence, and determine what we believe." *Kropp v. Commissioner*, T.C. Memo. 2000-148, 2000 WL 472840, at *3. "[T]he distillation of truth from falsehood . . . is the daily grist of judicial life." *Diaz v. Commissioner*, 58 T.C. 560, 564 (1972). In *Neonatology Associates, P.A. v. Commissioner*, 115 T.C. 43, 84 (2000), *aff'd*, 299 F.3d 221 (3d Cir. 2002), the Court outlined how it may determine credibility:

> We observe the candor, sincerity, and demeanor of each witness in order to evaluate his or her testimony and assign it weight for the primary purpose of finding disputed facts. We determine the credibility of each witness, weigh each piece of evidence, draw appropriate inferences, and

choose between conflicting inferences in finding the facts of a case. The mere fact that one party presents unopposed testimony on his or her behalf does not necessarily mean that the elicited testimony will result in a finding of fact in that party's favor. We will not accept the testimony of witnesses at face value if we find that the outward appearance of the facts in their totality conveys an impression contrary to the spoken word.

The Court did not find petitioner's testimony as to his asserted gambling winnings credible. Petitioner did not support his testimony with a diary or other verifiable documentation, and the record does not include any Forms W–2G that the Court could reference to calculate the amount of gambling winnings that various gambling institutions reported petitioner and his spouse received in 2020.

As to the gambling losses, as with the gambling winnings, the win-loss statements from casinos, along with petitioner's testimony, do not present a clear picture of how much petitioner or his spouse lost to gambling during the year in issue. Respondent allowed a deduction for gambling losses of $16,140 in the Notice of Deficiency. Petitioner appears to agree with that amount and has not demonstrated that he is entitled to deduct more than that in gambling losses for 2020.

In summary, the Court finds that petitioner has not met his burden of proving that respondent's determination as set forth in the Notice of Deficiency is incorrect. Because petitioner has not provided a reasonable basis to estimate gambling winnings in 2020, he has not met his burden of proving that the amount of gambling income should be reduced to less than what petitioner reported on his tax return. Therefore, the Court sustains respondent's determination that in 2020 petitioner had gambling losses of $16,140 and overrules petitioner's assertion that the amount of gambling winnings reported on his return should be reduced.

III.   *Accuracy-Related Penalty*

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax required to be shown on a return that is attributable to negligence or any substantial understatement of income tax. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code. I.R.C. § 6662(c); Treas. Reg. § 1.6662-3(b)(1). An

understatement is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. I.R.C. § 6662(d)(1)(A). Respondent has determined an accuracy-related penalty on the basis of either negligence or a substantial understatement of income tax.

A.    *Burden of Production*

As discussed above, the Commissioner bears the burden of production with respect to an individual taxpayer's liability for any penalty. I.R.C. § 7491(c); *Higbee*, 116 T.C. at 446–47. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. *See* Rule 142(a); *Higbee*, 116 T.C. at 447.

Petitioner asserts that the IRS did not follow proper procedures with respect to imposing the penalty. Respondent asserts that the accuracy-related penalty was approved in writing by the immediate supervisor of the IRS employee who asserted the penalty, as required by section 6751(b)(1). The Civil Penalty Approval Form on which the tax examiner proposed to impose an accuracy-related penalty for a substantial understatement of income tax pursuant to section 6662(a) and (b)(2) or, in the alternative, negligence pursuant to section 6662(b)(1), was approved and signed by a supervisory tax specialist, who affirmed to be the tax examiner's immediate supervisor, acting supervisor, or designated higher level official.

Further, the record shows an understatement which meets the definition of a substantial understatement of income tax. *See* I.R.C. § 6662(d). Thus, respondent has met his burden of production with respect to the accuracy-related penalty for a substantial understatement of income tax.

B.    *Reasonable Cause and Good Faith*

A taxpayer may avoid a section 6662(a) penalty by showing that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. I.R.C. § 6664(c)(1). This determination is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Treas. Reg. § 1.6664-4(b)(1). In making that determination, "the most important factor" is usually "the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." *Id.*

Petitioner asserts that he acted with reasonable cause and in good faith. He states that he did not act with negligence nor careless,

reckless, or intentional disregard and that he made a reasonable attempt to comply with the provisions of the Code. In support he cites the "entire record."

However, on the basis of the record the Court concludes that petitioner did not have reasonable cause and did not act in good faith in underpaying his 2020 income tax. *See* I.R.C. § 6664(c)(1). As noted above, the most important factor is usually the extent of the taxpayer's effort to assess his or her proper tax liability. Although the Court appreciates that petitioner prepared his own return and that the Code is complex, petitioner seems to have simply guessed at the amount of gambling winnings and losses he reported on his 2020 tax return. Furthermore, with respect to his state and local taxes, petitioner failed to keep receipts or other proof to substantiate his claimed deduction beyond what the IRS allowed. Therefore, the Court finds that petitioner failed to maintain adequate records to calculate his tax liabilities and thus did not act with the reasonable cause and good faith necessary to avoid the section 6662(a) accuracy-related penalty. Because the Court finds that petitioner substantially understated his income tax, the Court will not address whether his underpayment of tax was attributable to negligence.

IV.    *Conclusion*

The Court has considered all the parties' arguments, and, to the extent not addressed herein, the Court concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*